466 A.2d 613

**COMMONWEALTH of Pennsylvania, Appellant**

v.

**Robert HICKS.**

Supreme Court of Pennsylvania.

Argued Sept. 13, 1983.

Decided Oct. 19, 1983.

Robert E. Colville, Dist. Atty., Robert L. Eberhardt, Deputy Dist. Atty., Pittsburgh, Leroy S. Zimmerman, Atty. Gen., Marion E. MacIntyre, Andrew S. Gordon, Harrisburg, for appellant.

Peter B. Skeel, Pittsburgh, for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

OPINION OF THE COURT

ROBERTS, Chief Justice.

This is a direct appeal by the Commonwealth from an order of the Court of Common Pleas of Allegheny County which granted a pre-trial motion to quash an information charging appellee Robert Hicks with homicide by vehicle, 75 Pa.C.S. § 3732. The court of common pleas held that the homicide by vehicle statute is unconstitutional on the ground that it violates the equal protection clause of the fourteenth amendment to the Constitution of the United States and the prohibition against special legislation contained in article III, section 32 of the Constitution of the Commonwealth of Pennsylvania. We reverse the order of the court of common pleas and remand for trial.[1]

The information filed against appellee alleges that on April 3, 1982, appellee, while intoxicated, entered Interstate Route 79 by driving his automobile the wrong way down an exit ramp, and that while travelling north in the southbound lanes of Interstate 79, appellee's vehicle struck an oncoming vehicle, killing one of its occupants. Appellee was charged with homicide by vehicle as well as driving under the influence of alcohol, 75 Pa.C.S. § 3731, driving in the wrong direction on a divided highway, 75 Pa.C.S. § 3311(a), reckless driving, 75 Pa.C.S. § 3714, and driving while his operating privilege was suspended, 75 Pa.C.S. § 1543(a).[2]

At the time of the alleged offense, 75 Pa.C.S. § 3732 provided:

"Any person who unintentionally causes the death of another person while engaged in the violation of any law of this Commonwealth or municipal ordinance applying to

1. We hear this direct appeal pursuant to 42 Pa.C.S. § 722(7), which provides that this Court shall have exclusive appellate jurisdiction in "[m]atters where a court of common pleas had held invalid as repugnant to the Constitution . . . of the United States, or to the Constitution of this Commonwealth, . . . any statute of this Commonwealth. . . ."

2. These latter charges were not affected by the trial court's dismissal of the charge of homicide by vehicle.

the operation or use of a vehicle or to the regulation of traffic is guilty of homicide by vehicle, a misdemeanor of the first degree, when the violation is the cause of death." [3]

In *Commonwealth v. Field*, 490 Pa. 319, 417 A.2d 160 (1980), this Court held that under section 3732 the Commonwealth must show that the defendant "knew or should have known" that he engaged in the conduct claimed to be in violation of the Vehicle Code, and that, at the very least, death was a "probable consequence" of that conduct. *Commonwealth v. Field*, 490 Pa. at 525, 417 A.2d at 163. Accord, *Commonwealth v. Houtz*, 496 Pa. 345, 437 A.2d 385 (1981).

■ In declaring section 3732 unconstitutional, the court of common pleas proceeded on the assumption that the goal of the Legislature in enacting section 3732 was to reduce the number of fatalities on our highways. The Court concluded that section 3732 was irrational by accepting as true the view that "punishment of a negligent offender in no way implements [deterrence] since the negligent harmdoer is, by definition, unaware of the risk he imposes on society," Slip op. at 10, quoting Comment, *Is Criminal Negligence a Defensible Basis for Penal Liability?*, 16 Buffalo L.Rev. 749, 751 (1967) (footnotes omitted).[4]

■ Under the equal protection clause, the test of the validity of a statutory classification which does not implicate "fundamental interests" or affect with particularity a "suspect class" is whether the classification bears a rational relationship to a legitimate state interest. See, e.g., *Ohio*

**3.** The Vehicle Code was amended by the Act of December 15, 1982, P.L. 1268, to create a new offense, homicide by vehicle while driving under the influence, 75 Pa.C.S. § 3735. The amendment took effect on January 14, 1983, after the occurrence of the offense alleged in this case.

**4.** The court supported its conclusion by observing that the Legislature had available more effective means of achieving its objective. It is, of course, improper for a court to substitute its policy judgment for that of the Legislature. See, e.g., *Hodel v. Indiana*, 452 U.S. 314, 331–32, 101 S.Ct. 2376, 2386–87, 69 L.Ed.2d 40 (1981); *Daniel v. Family Life Insurance Co.*, 336 U.S. 220, 224, 69 S.Ct. 550, 553, 93 L.Ed. 632 (1949).

*Bureau of Employment Services v. Hodory,* 431 U.S. 471, 97 S.Ct. 1898, 97 S.Ct. 1898, 52 L.Ed.2d 513 (1977). This Court has held that the prohibition against special legislation contained in article III, section 32 of the Pennsylvania Constitution also requires that legislative classifications "have some rational relation to a proper state purpose." *Baltimore & Ohio Railroad Co. v. Dep't. of Labor & Industry,* 461 Pa. 68, 83, 334 A.2d 636, 643 (1975).

 Although the court of common pleas properly framed the goal of the homicide by vehicle statute as the reduction of highway fatalities, the court improperly concluded that the classifications drawn by the statute are not rationally related to that goal. By focusing on drivers who know or should know that they are engaging in conduct constituting a Vehicle Code violation, of which death is a probable consequence, section 3732 seeks only to sanction those persons who should reasonably anticipate that their conduct is likely to produce death, in much the same manner as the law of torts imposes liability against only those wrongdoers who should reasonably have anticipated the harm resulting from their conduct. It has long been perceived that the imposition of liability for negligent conduct tends to improve the quality of social conduct. See W. Prosser, Law of Torts 14–16 (4th ed. 1971). As the judgment by the Legislature to borrow from concepts of tort law in imposing liability under section 3732 bears a rational relationship to the Legislature's goal, it must be concluded that the Legislature's enactment of section 3732 was a constitutional exercise of its lawmaking authority. Accordingly, the order of the court of common pleas holding unconstitutional the homicide by vehicle statute must be reversed and the record remanded for trial.[5]

Order reversed and record remanded for trial.

5. Appellee urges that 75 Pa.C.S. § 3732 violates equal protection on the additional ground that the offenses of homicide by vehicle and involuntary manslaughter, 18 Pa.C.S. § 2504, are classified as misdemeanors of the first degree, punishable by as much as five years' imprisonment, notwithstanding the different standards of proof for the two offenses. See *Commonwealth v. Houtz, supra.* Appellee,

however, overlooks the fact that the class of individuals responsible for non-vehicle deaths which are unintentional and the class of persons whose violations of the Vehicle Code cause death are not similarly situated with respect to the homicide by vehicle statute's distinct purpose of reducing highway fatalities. The Supreme Court of Colorado rejected a similar challenge to a vehicular homicide statute in *People v. Hulse,* 192 Colo. 302, 557 P.2d 1205 (1976), holding that equal protection considerations are implicated only where the same criminal conduct is proscribed by both statutes.