535 A.2d 575

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**James R. HECK, Appellee.**

Supreme Court of Pennsylvania.

Argued Oct. 20, 1986.

Decided Dec. 28, 1987.

Henry S. Kenderdine, Dist. Atty., Joseph C. Madenspacher, Lancaster, for appellant.

James H. Thomas, Lancaster, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION

ZAPPALA, Justice.

While driving to work on the morning of July 26, 1982, Appellee James Heck was involved in an accident with a motorcyclist, Dennis Ginder. Traveling northbound on Route 141 in Lancaster County, Heck approached the intersection with Union Schoolhouse Lane. He proceeded to make the gradual left-hand turn onto the lane and entered the intersection. The motorcycle, which had been traveling southbound on Route 141, struck the right front fender of Heck's automobile. The impact caused the motorcycle to bounce backwards about eighteen feet, throwing Ginder through the air. Ginder died as a result of the injuries which he sustained in the accident.

Following his prosecution and conviction for homicide by vehicle, Heck was sentenced to serve a one-year probation and to pay a fine of $1,000. On appeal, the Superior Court concluded that the evidence was sufficient to support the

conviction, but reversed the judgment of sentence, reasoning that the conviction deprived Heck of due process of law by imposing criminal liability upon a showing of ordinary negligence, 341 Pa.Super. 183, 491 A.2d 212. The Commonwealth's petition for allowance of appeal was granted. Although we reject the Superior Court's analysis of the due process issue in this case, we affirm its order reversing the judgment and discharging Heck.

The homicide by vehicle statute in effect at the time of the accident provided:

> Any person who unintentionally causes the death of another person while engaged in the violation of any law of the Commonwealth or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic is guilty of homicide by vehicle, a misdemeanor of the first degree, when the violation is the cause of death.

75 Pa.C.S. 3732, Act of June 17, 1976, P.L. 162, No. 81, § 1, eff. July 1, 1977.[1] The violation underlying the charge of vehicular homicide was of 75 Pa.C.S. § 3322, which states,

> The driver of a vehicle intending to turn left within an intersection or into an alley, private road or driveway shall yield the right-of-way to any vehicle approaching from the opposite direction which is so close as to constitute a hazard.

Concluding that the evidence was sufficient to establish that Heck should have known he was violating § 3322, but that it was insufficient to establish any degree of culpability higher than ordinary negligence, the Superior Court framed the issue as whether due process of law permits a conviction for vehicular homicide based upon a defendant's ordinary negligence in violating a traffic law. It held that where a violation is neither knowing nor criminally negligent such conviction offends the due process clause of our

1. The statute was subsequently amended to exclude vehicular homicides which were governed by the enactment of 75 Pa.C.S. § 3731 (relating to driving under influence of alcohol or controlled substance).

state constitution, Article 1, § 9.[2] The Court emphasized that its holding did not address the issue of the constitutionality of vehicular homicide prosecutions premised upon evidence of conscious wrongdoing or gross deviation from reasonable conduct.

The Appellee's challenge to the constitutionality of the vehicular homicide statute is not unprecedented. Both this Court and the Superior Court have wrestled with varied claims of violations of the due process and equal protection clauses since the inception of the statute. The Superior Court purports to distinguish the instant case from prior applicable decisions upholding the constitutionality of the statute on the basis that the decisions are not dispositive of the issue of whether substantive due process is violated by a conviction resting on evidence of ordinary negligence. While we believe this observation of the Superior Court arises more from a dissatisfaction with precedent than from a strict reading of this Court's analysis in prior decisions, nevertheless, we agree that this dissatisfaction has merit. We perceive the problem to be one of judicial interpretation, however, and not of legislative enactment.

In *Commonwealth v. Barone*, 276 Pa.Super. 282, 419 A.2d 457 (1980), the Commonwealth appealed from the trial court's order granting the appellee's demurrer to the charge of vehicular homicide under 75 Pa.C.S. § 3732.[3] The Superior Court addressed the issues of what the material elements of a § 3732 offense are and the degree of culpability, if any, which must accompany the elements. A majority of the court agreed that the trial court's order discharging the appellee should be affirmed, but for different reasons.

2. The Superior Court rested its holding exclusively on its analysis of the state constitution and did not address the federal constitution.

3. The appellee filed a cross-appeal challenging the lower court's dismissal of motions attacking the constitutionality of the statute. Because of the appellee's unexcused failure to raise all but one constitutional theory in her original petition, the court found the issues had been waived. The remaining contention which had been preserved was summarily rejected.

Of the four members of the panel who affirmed the trial court's decision, divisiveness of opinion arose regarding the degree of culpability necessary to sustain a conviction. President Judge Cercone and Judge Cavanaugh reasoned that the legislature did not intend to impose absolute liability under § 3732 for any death resulting from a traffic violation and would hold that the minimum culpability requirements defined in the Crimes Code, 18 Pa.C.S. § 302, applied. Review of the evidence lead them to conclude that the Commonwealth had failed to prove beyond a reasonable doubt that the appellee's conduct "... involves a gross deviation from the standard of care that a reasonable person would observe in the actor's situation." 18 Pa.C.S. § 302(b)(4).

The remaining members of the majority, Judge Spaeth and Judge Hoffman, construed § 3732 to create strict criminal liability and would have held that imposition of such liability was a violation of due process under our state constitution. The three dissenters, Judge Wieand, Judge Price, and Judge Hester, also interpreted § 3732 as imposing absolute liability, but would not have found the statute constitutionally infirm as a result.

Shortly after the *Barone* decision, this Court addressed two constitutional challenges to the statute. In *Commonwealth v. Burt*, 490 Pa. 173, 415 A.2d 89 (1980), we reversed a common pleas court's order holding § 3732 unconstitutionally vague. The trial court had granted a pre-trial motion to dismiss the homicide by vehicle charge, agreeing with the appellee that § 3732 does not provide reasonable notice of what acts are prohibited and permits arbitrary enforcement. We rejected this analysis, concluding that the statute contained reasonable standards. The trial court also concluded that § 3732 imposed absolute liability. We did not address the issue because the trial court did not hold, and the appellee did not argue, that the statute was constitutionally invalid on that basis.

We were confronted with the issue in *Commonwealth v. Field*, 490 Pa. 519, 417 A.2d 160 (1980). The Commonwealth once again sought reversal of a common pleas court

order holding the statute unconstitutionally vague. Although *Burt* controlled the vagueness challenge, it was not dispositive because the appellee also contended that § 3732 unconstitutionally imposed criminal liability without fault. The appellee's assertion was rejected based upon our finding that there was no effort to impose a prison term in the absence of culpable conduct. We determined that § 3732 required the Commonwealth to establish (1) that the appellee had deviated from the standard of care established by the underlying traffic regulation which had allegedly been violated, and (2) that the appellee's violation of the regulation caused the victim's death.

Although the *Field* decision definitively answered the issue of whether § 3732 requires culpable conduct to sustain a conviction, the question of what level of culpability was required was left unresolved. In *Commonwealth v. Koch,* 297 Pa.Super. 350, 443 A.2d 1157 (1982), the Superior Court stated,

> Since the decision in *Field,* there have been various interpretations by this court as to what level of culpability is embraced by section 3732. *Commonwealth v. Spurgeon,* 285 Pa.Super. 563, 428 A.2d 189 (1981) (Section 3732 creates strict criminal liability without regard to any scienter element and does not require a showing of reckless or negligent culpability); *Commonwealth v. Hartzell,* 282 Pa.Super. 549, 423 A.2d 381 (1980) (Section 3732 does not require a showing of culpability as defined in 18 Pa.C.S. § 302—intentionally, knowingly, recklessly, or negligently); and *Commonwealth v. Nay,* 281 Pa.Super. 226, 421 A.2d 1231 (1980) (Section 3732 requires a showing of culpably negligent conduct as defined by 18 Pa.C.S. § 302(b)(4). *See also Commonwealth v. Lang,* 285 Pa. Super. 34, 426 A.2d 691 (1981) and *Commonwealth v. McIlwain School Bus Lines,* 283 Pa.Super. 1, 423 A.2d 413 (1980) (Both cases cite *Commonwealth v. Nay, supra* ). (footnotes omitted)

297 Pa.Super. at 354, 443 A.2d at 1159.

The resulting confusion was engendered by the Superior Court's reliance upon dicta in the *Field* opinion and in our

decision in *Commonwealth v. Houtz,* 496 Pa. 345, 437 A.2d 385 (1981). In *Field,* comment was made in a footnote on the relationship between homicide by vehicle and involuntary manslaughter that,

> In our view it was the legislative judgment in enacting section 3732 to expand the scope of criminal liability for violations of the Vehicle Code causing death.

*Field, supra,* 490 Pa. at 525 n. 4, 417 A.2d at 163, n. 4. In *Houtz,* we were confronted with an issue directly bearing on the relationship between the two crimes. Consecutive sentences of imprisonment had been imposed on the Appellant following jury verdicts finding him guilty of involuntary manslaughter, 18 Pa.C.S. § 2504, and homicide by vehicle. Because the material elements of the offenses are the same and the offenses do not require proof of different facts, we held that imposition of both sentences could not withstand the prohibition against multiple punishment embodied in the double jeopardy clauses of the state and federal constitutions.

Although our holding made further discussion unnecessary, the opinion expounded upon the prior observation made in footnote 4 of *Field* as to the level of culpability required under § 3732. The opinion went on to state,

> This legislative "expansion" was accomplished not by the elimination of any of the elements of the crime of involuntary manslaughter, but by a relaxation of the degree of proof of two existing elements: culpable conduct and causation. The crime of involuntary manslaughter, as charged here, requires proof that the actor engaged in the Vehicle Code violation in a "reckless or grossly negligent manner," and that the death was caused "as a direct result." 18 Pa.C.S. § 2504. See *Commonwealth v. Clowser,* 212 Pa.Super. 208, 239 A.2d 870 (1968). By contrast, under the crime of homicide by vehicle, it must be shown only that the actor "knew, or should have known," that he engaged in the conduct claimed to be in violation of the Vehicle Code, and that, at the very least, death was a "probable consequence" of the conduct.

*Commonwealth v. Field*, 490 Pa. at 525, 417 A.2d at 163. These relaxed degrees of culpable conduct and causation set forth in the crime of homicide by vehicle are necessarily established by proof of the more stringent counterparts contained in the crime of involuntary manslaughter. 496 Pa. at 348–49, 437 A.2d at 387.

The Superior Court seized upon this dicta in its opinion in *Commonwealth v. Koch, supra,* in rejecting the argument made by the appellant therein that § 3732 was violative of due process because it imposed strict criminal liability. Although this due process challenge was rejected in *Field,* the Superior Court criticized our opinion, claiming that § 3732 was salvaged "... by a bootstrap analysis, namely, the culpability required for the underlying offense also defines the culpability required for homicide by vehicle." 297 Pa.Super. at 355, 443 A.2d at 1160. This criticism was unwarranted because the discussions of culpability in *Field* and *Houtz* were not relevant to the issues which had been presented.

In *Commonwealth v. Hicks,* 502 Pa. 344, 466 A.2d 613 (1983), appeal dismissed, 465 U.S. 1015, 104 S.Ct. 1260, 79 L.Ed.2d 668 (1984), the Commonwealth appealed from a common pleas court order which granted the appellee's pre-trial motion to quash an indictment charging him with homicide by vehicle. The trial court had held that § 3732 was unconstitutional on the ground that it violates the equal protection clause of the 14th Amendment to the U.S. Constitution and the prohibition against special legislation contained in Article III, section 32 of our state constitution. We reversed, holding that the legislative goal of reducing highway fatalities was rationally related to the classifications drawn by the statute. We stated,

By focusing on drivers who know or should know that they are engaging in conduct constituting a Vehicle Code violation, of which death is a probable consequence, section 3732 seeks only to sanction those persons who should reasonably anticipate that their conduct is likely to produce death, in much the same manner as the law of torts imposes liability against only those wrongdoers who

200

should reasonably have anticipated the harm resulting from their conduct. It has long been perceived that the imposition of liability for negligent conduct tends to improve the quality of social conduct. See W. Prosser, Law of Torts 14–16 (4th ed. 1971). As the judgment by the Legislature to borrow from concepts of tort law in imposing liability under section 3732 bears a rational relationship to the Legislature's goal, it must be concluded that the Legislature's enactment of section 3732 was a constitutional exercise of its lawmaking authority.

502 Pa. at 348, 466 A.2d at 615.

Thus, without ever having been presented with the issue of the level of culpability required under § 3732, the tenor of our prior opinions rejecting constitutional challenges to the statute would appear to have resolved the issue. But we will not allow such a critical question to be answered by implication.

We now hold that ordinary negligence will not sustain a conviction for the offense of homicide by vehicle. The applicable mens rea requirements of culpability are those enumerated in 18 Pa.C.S. § 302(a). Section 302(a) provides,

(a) **Minimum requirements of culpability.**—Except as provided in section 305 of this title (relating to limitations on scope of culpability requirements), a person is not guilty of an offense unless he acted intentionally, knowingly, recklessly or negligently, as the law may require, with respect to each material element of the offense.[4]

The term "negligently" is further defined in § 302(b)(4) as follows:

A person acts negligently with respect to a material element of an offense when he should be aware of a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that the actor's failure to perceive it, considering the nature and intent of

4. Section 305 of the Crimes Code is clearly inapplicable because we have determined that the offense defined in § 3732 does not impose absolute liability for such offense or with respect to any material element thereof. *See,* 18 Pa.C.S. § 305(a)(2).

his conduct and the circumstances known to him, *involves a gross deviation from the standard of care* that a reasonable person would observe in the actor's situation. (Emphasis added).

The Official Comment to § 302 states that " 'Negligently' as used in Subsection(b)(4) is intended to mean *criminal negligence.*" The Legislature clearly did not intend the phrase "negligently" to encompass the tort liability concept of negligence. To the extent that decisions in this Commonwealth may be construed otherwise, they are expressly overruled.

 Accordingly, the Appellee's conviction in the instant case may be sustained only if the Commonwealth's evidence established that he acted recklessly, or criminally negligently. The Commonwealth has not attempted to argue that the conviction should be upheld because the evidence was sufficient to establish even criminal negligence, the minimal level of culpability required. Indeed, it could not do so based upon this record. The order of the Superior Court reversing the judgment of sentence and discharging the Appellee is affirmed.

HUTCHINSON, Former J., did not participate in the decision of this case.

McDERMOTT, J., filed a dissenting opinion.

McDERMOTT, Justice, dissenting.

In one fell swoop, without analysis or citation, the majority has effectively held that section 302 of the Crimes Code,[1] 18 Pa.C.S. § 302, defines the general requirements of culpability for all offenses in Pennsylvania. While this may be a laudable result it is accomplished by usurping the legislative power to define crimes.

The crime in this case has been legislatively defined as follows:

§ 3732. Homicide by vehicle.

Any person who unintentionally causes the death of another person while engaged in the violation of any law

1. Act of December 6, 1972, P.L. 1482, No. 334, § 1.

of this Commonwealth or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic is guilty of homicide by vehicle, a misdemeanor of the first degree, when the violation is the cause of death. 75 Pa.C.S. § 3732, Act of June 17, P.L. 162, No. 81 § 1.[2]

The culpability requirement in this statute is contained in the word "unintentionally"; for that is the only reference to the actor's mental state. In *Commonwealth v. Hicks*, 502 Pa. 344, 466 A.2d 613 (1983), appeal dismissed, 465 U.S. 1015, 104 S.Ct. 1260, 79 L.Ed.2d 668 (1984), this Court left no question that the legislative intent in enacting this statute was to "borrow from concepts of tort law" and that such a "borrowing" was constitutional, to wit:

> By focusing on drivers who know or should know that they are engaging in conduct constituting a Vehicle Code violation, of which death is a probable consequence, section 3732 seeks only to sanction those persons who should reasonably anticipate that their conduct is likely to produce death, in much the same manner as the law of tort imposes liability against only those wrongdoers who should reasonably have anticipated the harm resulting from their conduct. It has long been perceived that the imposition of liability for negligent conduct tends to improve the quality of social conduct. See W. Prosser, Law of Torts 14–16 (4th ed. 1971). *As the judgment by the Legislature to borrow from concepts of tort law in imposing liability under section 3732 bears a rational relationship to the Legislature's goal, it must be con-*

---

**2.** This is the form of the statute when the accident culminating in this prosecution occurred.

The statute in its present form is as follows:

§ 3732. Homicide by vehicle.

Any person who unintentionally causes the death of another person while engaged in the violation of any law of this Commonwealth or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic *except section 3731 (relating to driving under influence of alcohol or controlled substance)* is guilty of homicide by vehicle, a misdemeanor of the first degree, when the violation is the cause of death. [Our emphasis notes the 1982 Amendment.]

Act of December 15, 1982, P.L. 1268, No. 289, § 10.

*cluded that the Legislature's enactment of section 3732 was a constitutional exercise of its lawmaking authority.*

*Id.,* 502 Pa. at 348, 466 A.2d at 615. (emphasis added).

To suggest, as the majority does, that the above quoted language only "implies" the acceptance of the tort standard of ordinary negligence is disingenuous. Furthermore, to imply that although this Court has examined this statute on numerous occasions it never properly identified the culpability requirement is impercipient, at the least.

It is our duty to determine whether legislatively defined crimes pass constitutional muster, not to define the crimes ourselves; and this Court has previously upheld the constitutionality of the present statute. *See Commonwealth v. Hicks, id. Commonwealth v. Field,* 490 Pa. 519, 417 A.2d 160 (1980).

Consequently, I would reverse the order of the Superior Court.