537 A.2d 1370

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Paul SCHEUING, Appellant.**

Supreme Court of Pennsylvania.

Argued Oct. 23, 1986.

Decided Feb. 29, 1988.

Joan Duncan Brown, Norristown, for appellant.

Mary M. Killinger Chief, Appeals Div., Gregory P. Voci, Norristown, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION

ZAPPALA, Justice.

Appellant Paul Scheuing was convicted of three counts of homicide by vehicle, 75 Pa.C.S. § 3732, relating to the deaths of three people who had been occupants of two automobiles with which the Appellant's tractor-trailer collided. The Appellant was sentenced to three concurrent terms of imprisonment of from four and one-half months to twenty-three months on the homicide convictions. Sentence on the remaining summary offenses was suspended.

On appeal to the Superior Court, 348 Pa.Super. 634, 501 A.2d 293, a per curiam order was entered affirming the sentence on the traffic violations. The Superior Court vacated the suspended sentence, sua sponte raising the invalidity of the sentence under 42 Pa.C.S. § 9721(a).

The Superior Court summarily rejected the Appellant's argument that the trial court erred in its charge to the jury

as it pertained to the degree of culpability which must be established as an element of the offense of homicide by vehicle. The trial court had concluded that the charge was consistent with the Court's decision in *Commonwealth v. Field*, 490 Pa. 519, 417 A.2d 160 (1980).

The trial court had instructed the jury that,

In considering the offense of homicide by vehicle, under the laws of the Commonwealth of Pennsylvania homicide by vehicle does not require a showing of recklessness or negligent culpability on the defendant's part in order to sustain a conviction and rather creates a strict liability on the guilt of the defendant without regard to any element of intent. Now, as I mentioned there are three statutory considerations with regard to the operation of the Vehicle Code.

. . . . .

In this regard if you find from the evidence that the defendant; namely, Mr. Scheuing, failed to stop the tractor-trailer at the intersection in question because the braking system of the defendant's tractor-trailer failed to adequately stop the defendant's tractor-trailer and the defendant's failure to stop at the intersection was not because of the disregard by the defendant of the red light or any other traffic violations I mentioned to you at the intersection of the accident, you must find the defendant not guilty of the charges against him.

However, if the defendant knew or should have known that his brakes were not adequate and he thereby violated the statutes of the Commonwealth of Pennsylvania mentioned to you: red light, failure to proceed at a safe speed or reckless driving or any one of the three, then the defendant would be guilty of homicide by vehicle. One cannot operate a motor vehicle knowing or should have known of defective brakes and be heard to say that there is reason for a violation but there's no reason for a violation such as a red light or reckless driving or driving at an unsafe speed. If so operated in causing the death and the Commonwealth has established this beyond a

reasonable doubt then you will find the defendant guilty of homicide by vehicle.

[N.T. pp. 296, 300–301].

In *Commonwealth v. Heck*, 517 Pa. 192, 535 A.2d 575 (1987), we held that ordinary negligence will not sustain a conviction under 75 Pa.C.S. § 3732, and that the minimum requirements of culpability enumerated in 18 Pa.C.S. § 302(a) are applicable. We recognize the trial judge did not have the benefit of this Court's decision in *Heck*. The charge to the jury failed to inform the jury that the Commonwealth must establish that the Appellant's conduct was criminally negligent or reckless, however, and was improper.

Accordingly, we vacate the judgment of sentence imposed on the Appellant for homicide by vehicle and remand the matter for a new trial.

HUTCHINSON, Former Justice, did not participate in the decision of this case.

McDERMOTT, J., filed a concurring opinion.

McDERMOTT, Justice, concurring.

I continue to believe that *Commonwealth v. Heck*, 517 Pa. 192, 535 A.2d 575 (1987), was wrongly decided. Nonetheless, I must agree that the decision in that case dictates a new trial in this case.