538 A.2d 870

COMMONWEALTH of Pennsylvania, Appellee,

v.

Michael E. SANDERSON, Appellant.

Supreme Court of Pennsylvania.

March 15, 1988.

Joshua D. Lock, Harrisburg, for appellant.

R. Scott Cramer, Dist. Atty., for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION

ZAPPALA, Justice.

During the evening of February 27, 1982, Appellant Michael E. Sanderson was involved in a two-vehicle accident when his pick-up truck collided with an automobile operated by Pearl Tobias. As a result of the accident, Pearl Tobias died. The Appellant was charged with the offenses of homicide by vehicle, 75 Pa.C.S. § 3732, driving under the influence of alcohol, 75 Pa.C.S. § 3731, and meeting a vehicle proceeding in the opposite direction, 75 Pa.C.S. § 3302. Following a jury trial, the Appellant was found guilty of homicide by vehicle and was acquitted of driving under the influence of alcohol. The trial judge found the Appellant guilty of the summary offense of meeting a vehicle proceeding in the opposite direction.

Post-trial motions filed on Appellant's behalf were denied. The Superior Court affirmed the judgment of sentence, rejecting, inter alia, the Appellant's contention that the homicide by vehicle statute violates the constitutional protection of due process. In doing so, the Superior Court relied upon this Court's decision in *Commonwealth v. Hicks*, 502 Pa. 344, 466 A.2d 613 (1983). Because allocatur had been granted in *Commonwealth v. James R. Heck*, 517 Pa. 192, 535 A.2d 575 (1987), in which the same constitutional challenge to the homicide by vehicle statute had been raised, Appellant Sanderson's petition for allowance of appeal was granted.

In *Commonwealth v. Heck*, 517 Pa. 192, 535 A.2d 575 (1987), the Superior Court had reversed the judgment of sentence imposed on James Heck on the basis that his

conviction for homicide by vehicle deprived him of due process of law by resting criminal liability upon a showing of ordinary negligence. Noting that *Commonwealth v. Hicks, supra,* was not dispositive of the issue, we held that ordinary negligence will not sustain a conviction for the offense of homicide by vehicle and that the minimum requirements of culpability set forth in 18 Pa.C.S. § 302(a) are applicable.

Based upon our analysis in *Heck,* we must reject the Appellant's assertion in the instant case that the homicide by vehicle statute violates due process by criminalizing an act of ordinary negligence. Nevertheless, we must vacate the judgment of sentence imposed on the Appellant and remand the matter for a new trial because the trial court's instructions to the jury did not inform the jury that the Commonwealth must establish that the Appellant's conduct was criminally negligent or reckless.[1]

The Commonwealth argues that the evidence introduced at trial was sufficient to sustain a greater burden of proof than that required to establish ordinary negligence. Although the Commonwealth's position arguably has merit, we are unable to ascertain from this record whether the jury would have reached a guilty verdict if the charge had not instructed the jury on ordinary negligence. The jury was informed that,

> The Commonwealth would also have to show that at the time of this incident the Defendant knew or should have known that he engaged in that conduct. In other words, he knew or he should have known that he was going left of center, or he knew or he should have known that he was under the influence and incapable of safe driving and that the death was the consequence of the Defendant's conduct either as a result of his driving under the influence or as a result of his driving left of center.

---

1. We note that the trial judge did not have the benefit of this Court's decision in *Commonwealth v. Heck, supra,* and that his charge reflected the language of appellate decisions at the time of the trial.

[N.T. p. 361]. This instruction was improper and necessitates a new trial.

Former Justice Hutchinson did not participate in the decision of this case.

McDERMOTT, J., filed a concurring opinion.

McDERMOTT, Justice, concurring.

I continue to believe that *Commonwealth v. Heck,* 517 Pa. 192, 535 A.2d 575 (1987), was wrongly decided. Nonetheless, I must agree that the decision in that case dictates a new trial in this case.