**Brown Estate**

*John M. Dawson, district attorney,* for the Commonwealth.

*Harry F. White II,* for estate.

*E. Max Weiss,* for defendant.

VARDARO, *J.,* April 13, 1992—On April 20, 1990, Dawn Marie Lethco was operating her automobile in an easterly direction on State Route 77 approximately three and one-half miles east of the city of Meadville, Scott H. Brown was operating a motorcycle on that same roadway in the westbound lane.

For some unknown reason, Lethco crossed over the center line almost completely across the westbound lane and struck the Brown motorcycle head-on. Brown was killed instantly.

As a result of this tragic incident, a civil suit was brought by Henry J. Brown as administrator of the estate of Scott H. Brown against Lethco.[1] Petitioner's exhibit 3 offered in this case is the deposition of Dawn Marie Lethco taken in the civil case and any reference to a deposition in this memorandum will be to the same.

After an extensive investigation by the Pennsylvania State Police, summary charges of reckless driving (75 Pa.C.S. §3714) and meeting vehicle proceeding in opposite direction (75 Pa.C.S. §3302) were filed against Lethco. She plead guilty to both of those offenses and paid fines and costs.[2]

The Brown estate pursuant to Pa.R.Crim.P. 133 requested the district attorney to approve charges of homicide by vehicle (75 Pa.C.S. §3732) pursuant to the Vehicle Code and/or involuntary manslaughter (18 Pa.C.S. §2504) pursuant to the Crimes Code against Lethco. In a letter to the administrator of the Brown estate dated March 23, 1991, the district attorney explained that his reason for refusing to do so was that

---

1. The suit is filed at A.D. 1990-823.

2. At the time of argument, the parties agreed that while Lethco's standing to participate in this process was questionable, her private attorney in the civil action could at least present oral argument and part of his oral argument at the time was that in light of the plea as made by Lethco with regard to the summary charges, it may be double jeopardy pursuant to *Grady v. Corbin*, 11 S.Ct. 284 (1990), to file any additional criminal charges against her at this point. In light of our opinion in this matter, we do not believe it is necessary to get to that issue.

in his opinion Lethco was guilty of ordinary negligence but was not guilty of criminal negligence necessary to justify criminal prosecution.

As a result of that position by the district attorney, this matter is now before the court due to a petition filed by the estate pursuant to Pa.R.Crim.P. 133(b)(2).

The pertinent parts of Pa.R.Crim.P. 133 state:

"(a) When the affiant is not a law enforcement officer and the offense(s) charged include(s) a misdemeanor or felony which does not involve a clear and present danger to any person or to the community, the complaint shall be submitted to any attorney for the Commonwealth, who shall approve or disapprove without unreasonable delay.[3]

"(b) If the attorney for the Commonwealth:

"(1) approves this complaint, the attorney shall indicate this decision on the complaint form and transmit it to the issuing authority;

"(2) disapproves the complaint, the attorney shall state the reasons on the complaint form and return it to the affiant. Thereafter, the affiant may file the complaint with a judge of a Court of Common Pleas for approval or disapproval."

---

3. The clear and present danger issue is not before this court. The issue as to whether there is a clear and present danger is to be decided by the district justice and if he or she believes there is a clear and present danger then the complaint can be issued without the approval of the district attorney. If the district justice does not find a clear and present danger than he or she is without authority to issue process. *Commonwealth v. Pritchard,* 408 Pa. Super. 221, 596 A.2d 827 (1991).

Therefore, the sole issue before the court is whether or not the request of the estate should be approved or disapproved.

In making that determination, the independent review of the complaint by a judge of the Court of Common Pleas serves as a check and balance of the district attorney's decision and protects against the possibility of error. *Piscanio Appeal,* 235 Pa. Super. 490, 492-496, 344 A.2d 658, 660-2 (1975).

However, the trial court in its independent review of the complaint should not interfere with the exercise of a prosecutorial discretion unless it is determined that there has been a "gross abuse of discretion." *Commonwealth v. Pritchard,* 408 Pa. Super. 221, 596 A.2d 827 (1991); *In re Wood,* 333 Pa. Super. 597, 601, 482 A.2d 1033, 1036 (1984).

In reviewing the record before us in this matter, we do not find a gross abuse of discretion on the part of the district attorney.

The law as it currently exists with regard to homicide by vehicle and involuntary manslaughter requires that the Commonwealth prove beyond a reasonable doubt more than mere ordinary negligence. The Commonwealth is in fact required to prove that the defendant acted recklessly or with criminal negligence. *Commonwealth v. Heck,* 517 Pa. 192, 535 A.2d 575 (1987).

In *Heck, supra,* in interpreting the homicide by vehicle statute, the Supreme Court of Pennsylvania speaking through Justice Zappala held that the mens rea requirements of culpability for that offense are those enumerated in 18 Pa.C.S. §302(a).

That section provides:

"(a) *Minimum Requirements of Culpability*—Except as provided in section 305 of this title (relating to lim-

itations on scope of culpability requirements), a person is not guilty of an offense unless he acted intentionally, knowingly, recklessly or negligently, as the law may require, with respect to each material element of the offense."[4]

The term "negligently" is further defined in section 302(b)(4) as follows:

"A person acts negligently with respect to a material element of an offense when he should be aware of a substantial or unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that the actor's failure to perceive it, considering the nature and intent of his conduct and the circumstances known to him *involves a gross deviation from the standard of care* that a reasonable person would observe in the act or situation." (emphasis added)

It was noted by Justice Zappala that the official comment to section 302 states that "'negligently' as used in subsection (B)(4) is intended to mean *criminal negligence." Commonwealth v. Heck, supra,* 535 A.2d at 580.

Therefore, a conviction for homicide by vehicle[5] may be sustained only if the Commonwealth has evidence establishing that the defendant acted recklessly or criminally negligent.

---

4. The *Heck supra,* court found that section 305 of the Crimes Code was clearly inapplicable in this situation.

5. We are only addressing the homicide by vehicle statute because traditionally since its inception it has been easier for the Commonwealth to prove than involuntary manslaughter. At one point prior to the evolution of the case law it was almost treated as a strict liability type crime. Obviously that is no longer the case.

In the instant case, it is clear that the Lethco vehicle crossed the center line and in doing so, Lethco committed two summary violations under the Vehicle Code. In addition to that, at the time of her deposition, she indicated for a period of about a week she had a leaking exhaust pipe and the fumes may have been coming in to the vehicle.

Lethco further indicated that just prior to the accident while she had her driver's side window open she felt that she wasn't getting enough air and intended to pull over at the next available opportunity to open her passenger side window.

The estate argues that Lethco was negligent to the extent needed to convict her of homicide by vehicle and/or involuntary manslaughter for not correcting the exhaust problem sooner and conceivably falling asleep or passing out at the wheel due to the exhaust fumes entering the passenger compartment of her vehicle.[6]

That type of behavior, even if proven under the current state of the law, would clearly not reach the state of culpability necessary to sustain a criminal conviction. While not limited in the factual situations that would reach the level of negligence necessary, most convictions in this area have been in cases where the driver was under the influence of intoxicating beverages or exceeding the speed limit and/or driving too fast for con-

---

6. Additionally, in its petition the estate alleges that there may be witnesses indicating that Lethco has fallen asleep while driving on previous occasions possibly resulting in two other accidents during the approximately four years that she had her driver's license prior to the time of the accident. In her deposition she does admit to having those previous accidents and at least on the first occasion to paying a fine with regard to a summary traffic offense but we see nothing on the record of substantiating that she had fallen asleep at the wheel on previous occasions.

ditions existing at the time. Basically, they have been situations where the driver was acting in such a manner that he or she should have perceived the danger such actions would cause to other motorists and failure to do so was a "gross deviation from the standard of care" expected of a reasonable person.

Even if the Commonwealth was able to prove everything that has been alleged in this case, the current state of the law shows nothing that would lead us to believe that there was an abuse of discretion on the part of the district attorney much less a gross abuse of discretion in deciding not to file homicide by vehicle and/or involuntary manslaughter charges with regard to this tragic incident. The conduct demonstrated by Lethco may well be ordinary negligence but we cannot conclude that the district attorney abused his discretion by deciding that the conduct demonstrated by Lethco was not that which is required to prove guilt beyond a reasonable doubt of homicide by vehicle and/or involuntary manslaughter.[7]

7. We have not in this memorandum addressed the other elements that would have to be proven with regard to the homicide by vehicle and/or involuntary manslaughter charges insofar as we believe the real issue in question is the culpability issue we have addressed.