**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Richard HURST, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 6, 2005.

Filed Dec. 14, 2005.

Karl Baker, Public Defender, Philadelphia, for appellant.

Hugh J. Burns, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before: STEVENS, LALLY–GREEN, and KELLY, JJ.

OPINION BY STEVENS, J.:

¶ 1 This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County following Appellant's conviction pursuant to 75 Pa.C.S.A. § 3742.1, accidents involving death or personal injury while not properly licensed (a misdemeanor of the second degree). Appellant argues the minimum level of culpability for Section 3742.1 is recklessness and the evidence was insufficient to establish he acted recklessly in causing the motor vehicle accident and resulting personal injuries. We affirm.

¶ 2 The undisputed facts and procedural history are as follows: Appellant was arrested in connection with a traffic accident in Philadelphia, and on July 15, 2004, he proceeded to a bench trial. At trial, Philadelphia Police Officer Celeste Singleton testified that she was on duty on August 31, 2003 at 10:00 p.m. when she received a dispatch indicating that an officer needed assistance at 58th Street and Baltimore Avenue. N.T. 7/15/04 at 11. As she traveled to the location, at the intersection of 58th Street and Florence Avenue, the driver's side of Officer Singleton's police cruiser was struck by another vehicle. N.T. 7/15/04 at 13, 25. At the time of the accident, Officer Singleton was driving approximately thirty miles per hour with her sirens and lights activated and the traffic light was green in her direction when she entered the intersection. N.T. 7/15/04 at 14–15. As a result of the accident, Officer Singleton suffered injuries, including a fractured femur, knee cap, and tibia. N.T. 7/15/04 at 16.

¶ 3 Frank Simmons testified that he was driving south on 58th Street and attempting to make a left turn onto Florence

Avenue when he saw police cruisers approaching from the north on 58th Street. N.T. 7/15/04 at 28. Mr. Simmons testified that he and the police cruisers had the green light, and he observed Appellant's vehicle, which had the red light, enter the intersection from the west on Florence Avenue. N.T. 7/15/04 at 30, 34–35. Appellant's vehicle forcefully struck Officer Singleton's police cruiser and hit a mailbox. N.T. 7/15/04 at 34, 36.

¶ 4 At the conclusion of the testimony, the parties stipulated that Appellant's driver's license was revoked at the time of the accident, and the trial court convicted Appellant of 75 Pa.C.S.A. § 3742.1 as a misdemeanor of the second degree. N.T. 7/15/04 at 49. On August 26, 2004, Appellant was sentenced to two years of probation and ordered to pay $178.00 in court costs. This timely appeal followed, the trial court ordered Appellant to file a statement pursuant to Pa.R.A.P.1925(b), Appellant filed the required statement, and the trial court filed an opinion pursuant to Pa.R.A.P.1925(a).

¶ 5 75 Pa.C.S.A. § 3742.1 provides, in relevant part, the following:

**§ 3742.1. Accidents involving death or personal injury while not properly licensed**

**(a) Offense defined.**—A person whose operating privilege was canceled, recalled, revoked or suspended and not restored or who does not hold a valid driver's license commits an offense under this section if the person was the driver of any vehicle and caused an accident resulting in injury or death of any person.

**(b) Penalties.**—

(1) Except as otherwise provided in this section, any person violating subsec-

tion (a) commits a misdemeanor of the second degree.

75 Pa.C.S.A. § 3742.1(a), (b)(1), (2) (emphasis in original).[1]

¶ 6 Appellant does not dispute that the evidence sufficiently established he was driving on August 31, 2003 with a suspended driver's license, he drove his vehicle into an intersection against a red light, his vehicle collided with Officer Singleton's police cruiser, and Officer Singleton was injured. *See* Appellant's Brief at 7. However, Appellant contends that he was improperly convicted under Section 3742.1 because (1) the minimum requirement of culpability for Section 3742.1 is recklessness and (2) the Commonwealth failed to establish sufficiently that Appellant acted recklessly in causing the accident at issue.

¶ 7 As Appellant correctly indicates, Section 3742.1 does not contain a *scienter* requirement on its face. Therefore, we must examine the Crimes Code, which discusses the general requirements of culpability in criminal law, to determine the required culpability. Specifically, we must examine 18 Pa.C.S.A. §§ 302 and 305.

¶ 8 18 Pa.C.S.A. § 302 provides the general requirements of culpability and indicates, in relevant part, the following:

**(a) Minimum requirements of culpability.**—Except as provided in section 305 of this title (relating to limitations on scope of culpability requirements), a person is not guilty of an offense unless he acted intentionally, knowingly, recklessly or negligently, as the law may require, with respect to each material element of the offense.

**(b) Kinds of culpability defined.**—

(1) A person acts intentionally with respect to a material element of an offense when:

---

1. Subsection (a) was amended effective January 31, 2005. However, since the offense in this case occurred on August 31, 2003, the amendments are inapplicable.

(i) if the element involves the nature of his conduct or a result thereof, it is his conscious object to engage in conduct of that nature or to cause such a result; and

(ii) if the element involves the attendant circumstances, he is aware of the existence of such circumstances or he believes or hopes that they exist.

(2) A person acts knowingly with respect to a material element of an offense when:

(i) if the element involves the nature of his conduct or the attendant circumstances, he is aware that his conduct is of that nature or that such circumstances exist; and

(ii) if the element involves a result of his conduct, he is aware that it is practically certain that his conduct will cause such a result.

(3) A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation.

(4) A person acts negligently with respect to a material element of an offense when he should be aware of a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that the actor's failure to perceive it, considering the nature and intent of his conduct and the circumstances known to him, involves a gross deviation from the standard of

care that a reasonable person would observe in the actor's situation.

**(c) Culpability required unless otherwise provided.**—When the culpability sufficient to establish a material element of an offense is not prescribed by law, such element is established if a person acts intentionally, knowingly or recklessly with respect thereto.

18 Pa.C.S.A. § 302(a), (b), and (c) (emphasis in original).

¶ 9 18 Pa.C.S.A. § 305 provides the limitations on the scope of culpability and indicates the following:

**(a) When culpability requirements are inapplicable to summary offenses and to offenses defined by other statutes.**—The requirements of culpability prescribed by section 301 of this title (relating to requirement of voluntary act) and section 302 of this title (relating to general requirements of culpability) do not apply to:

(1) summary offenses, unless the requirement involved is included in the definition of the offense or the court determines that its application is consistent with effective enforcement of the law defining the offense; or

(2) offenses defined by statutes other than this title, in so far as a legislative purpose to impose absolute liability for such offenses or with respect to any material element thereof plainly appears.

**(b) Effect of absolute liability in reducing grade of offense is summary offense.**—Notwithstanding any other provision of existing law and unless a subsequent statute otherwise provides:

(1) when absolute liability is imposed with respect to any material element of an offense defined by a statute other than this title and a conviction is based upon such liability, the offense constitutes a summary offense; and

(2) although absolute liability is imposed by law with respect to one or more of the material elements of an offense defined by a statute other than this title, the culpable commission of the offense may be charged and proved, in which event negligence with respect to such elements constitutes sufficient culpability and the classification of the offense and the sentence that may be imposed therefore upon conviction are determined by section 106 of this title (relating to classes of offenses) and Chapter 11 of this title (referring to authorized disposition of offenders).

18 Pa.C.S.A. § 305(a) and (b) (emphasis in original).

■ ¶ 10 Appellant urges this Court to find that 18 Pa.C.S.A. § 302(c) provides the necessary culpability for a violation of Section 3742.1 of the motor vehicle code, and, therefore, the Commonwealth was required to prove that, at a minimum, Appellant acted recklessly when he crashed into the police cruiser. The Commonwealth, on the other hand, urges this Court to find that 18 Pa.C.S.A. § 302(a) provides the necessary culpability for a violation of Section 3742.1 of the motor vehicle code, and, therefore, the Commonwealth was required to prove only that Appellant acted with criminal negligence. Before accepting either Appellant's or the Commonwealth's arguments, we find it necessary to determine initially whether Section 3742.1 of the motor vehicle code is an absolute liability statute, thereby exempting the Commonwealth from proving that Appellant acted with any particular *mens rea.*

■ ¶ 11 When the General Assembly plainly indicates a legislative purpose to impose absolute liability, pursuant to 18 Pa.C.S.A. § 305(a)(2), the Commonwealth does not have to establish a *mens rea* element in order to convict Appellant of a crime.

[However,] as a general principle, [a]bsolute criminal liability statutes are an exception to the centuries old philosophy of criminal law that imposed criminal responsibility only for an act coupled with moral culpability. A criminal statute that imposes absolute liability typically involves regulation of traffic or liquor laws. [S]uch so-called statutory crimes are in reality an attempt to utilize the machinery of criminal administration as an enforcing arm for social regulation of a purely civil nature, with the punishment totally unrelated to questions of moral wrongdoing or guilt. Along these same lines, an additional factor to consider when determining if the legislature intended to eliminate the *mens rea* requirement from a criminal statute is whether the statute imposes serious penalties. The more serious the penalty, such as a lengthy term of imprisonment, the more likely it is the legislature did not intend to eliminate the *mens rea* requirement (unless the legislature plainly indicates otherwise in the language of the statute, as for statutory rape).

*Commonwealth v. Pond,* 846 A.2d 699, 706 (Pa.Super.2004) (citations, quotations and quotation marks omitted).

¶ 12 In the case *sub judice,* we conclude 75 Pa.C.S.A. § 3742.1 is not an absolute liability statute. Appellant's violation of Section 3742.1 was a misdemeanor of the second degree, and not a summary offense, which was punishable by a maximum penalty of two years in prison. *See* 18 Pa. C.S.A. § 1104. The nature of the offense, which involves a causation element, and the potentially severe penalty are sufficient *indicia* that the legislature did not intend to eliminate the *mens rea* element and make accidents involving death or personal injury while a driver is not properly licensed a strict liability crime.

¶ 13 Having determined that Section 3742.1 of the motor vehicle code is not an absolute liability statute, we consider Appellant's and the Commonwealth's arguments regarding the necessary *mens rea.* We conclude that, in the case *sub judice,* 18 Pa.C.S.A. § 302(a) establishes the culpability requirements for a violation of Section 3742.1 of the motor vehicle code, and, therefore, criminal negligence as defined in 18 Pa.C.S.A. § 302(b)(4) is the minimum level of culpability the Commonwealth was required to establish at trial. Our holding finds support in several appellate opinions of this jurisdiction which have interpreted similar motor vehicle code statutes.

¶ 14 For instance, in *Commonwealth v. Kinney,* 863 A.2d 581 (Pa.Super.2004), and *Commonwealth v. Woosnam,* 819 A.2d 1198 (Pa.Super.2003), this Court concluded that criminal negligence as defined in Subsection 302(b)(4) is the applicable *mens rea* to Pennsylvania's hit-and-run statute where the accident involved death or personal injury under 75 Pa.C.S.A. § 3742.[2] Noting that the statute itself contained no *scienter* requirement, we concluded in *Kinney* and *Woosnam* that criminal negligence was an element of the offense and the Commonwealth was required to prove the "driver knew or should have known" that she was involved in an accident involving personal injury or death. Moreover, in *Commonwealth v. Heck,* 517 Pa. 192, 535 A.2d 575 (1987), the Supreme Court held that, even though Pennsylvania's homicide by vehicle statute, 75 Pa.C.S.A. § 3732,[3] does not contain a *scienter* element, the Commonwealth was required to prove criminal negligence pursuant to 18 Pa. C.S.A. § 302(a) and 302(b)(4). That is, the Commonwealth was required to prove that the driver caused the death of a person and did so at least negligently as the term is defined at 18 Pa.C.S.A. § 302(b)(4).[4] Subsequently, in *Commonwealth v. Samuels,* 566 Pa. 109, 778 A.2d 638 (2001), the Supreme Court extended its reasoning in *Heck* to conclude that the Commonwealth must prove the driver acted with criminal negligence in order to convict a person under Pennsylvania's homicide by vehicle while driving under the influence statute, 75 Pa.C.S.A. § 3735,[5] and in *Commonwealth v. Cheatham,* 419 Pa.Super. 603, 615 A.2d 802 (1992), this Court adopted the

2. Section 3742 provides:

> The driver of any vehicle involved in an accident resulting in injury or death of any person shall immediately stop the vehicle at the scene of the accident or as close thereto as possible but shall forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of section 3744 (relating to duty to give information and render aid). Every stop shall be made without obstructing traffic more than is necessary.

3. The version of Section 3732 in effect at the time of the offense in *Heck* provided:

> Any person who unintentionally causes the death of another person while engaged in the violation of any law of the Commonwealth or municipal ordinance applying to the operation or use of a vehicle or to the regulation of traffic is guilty of homicide by vehicle, a misdemeanor of the first degree, when the violation is the cause of death.

4. As the Commonwealth suggests, it is illogical to conclude that the legislature intended an offense causing death, such as the offense in *Heck,* to include a less stringent *scienter* requirement than an offense causing death or personal injury, such as the offense in this case.

5. The version of Section 3735 in effect at the time of the accident in *Samuels* provided:

> Any person who unintentionally causes the death of another person as the result of a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) and who is convicted of violating section 3731 is guilty of a felony of the second degree when the violation is the cause. . . .

*mens rea* reasoning espoused in *Heck* to a homicide by vehicle case.

¶ 15 Having concluded that the *mens rea* for a violation of 75 Pa.C.S.A. § 3742.1 is criminal negligence, we would generally proceed at this juncture to a determination of whether the evidence was sufficient to sustain such a level of culpability in this particular case. However, as the Commonwealth correctly notes, Appellant has advanced no argument that the evidence was insufficient to support a finding of criminal negligence and, instead, argues solely that the level of culpability is recklessness and the evidence was insufficient to establish recklessness. Since Appellant concedes the evidence was sufficient to establish the *mens rea* of criminal negligence, we find it unnecessary to address the issue further.

¶ 16 Affirmed.