J. S66032/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                                         :         PENNSYLVANIA
                v.               :
                                         :
RONALD J. POOLER,             :        No. 2145 EDA 2019
                                         :
          Appellant     :

Appeal from the PCRA Order Entered July 9, 2019,
in the Court of Common Pleas of Chester County
Criminal Division at No. CP-15-CR-0000762-2016

BEFORE:  STABILE, J., NICHOLS, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:       **FILED JANUARY 08, 2020**

Ronald J. Pooler appeals ***pro se*** from the July 9, 2019 order denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

The relevant facts of this case, as gleaned from the guilty plea hearing, are as follows:

> On August 16, 2016[, appellant] was driving a 2002 silver Acura RSX on Route 30 bypass going westbound in Caln Township, Chester County, Pennsylvania. [Appellant] was driving between 72 to 77 miles an hour, well over the legal limit.  [Appellant] was operating the motor vehicle in a reckless manner while switching lanes with traffic in both those lanes. As a result, [appellant] lost control of the car and veered off the roadway and onto the hill parallel to the road and the vehicle flipped over on [its] roof.
>
> Most notably [appellant] had four children inside that vehicle all under the age of ten. One of his children,

> Aisha Pooler, was ejected from the vehicle and the vehicle landed on her. She was injured severely. She was rushed to the hospital where she was quickly diagnosed with traumatic brain injury requiring several surgeries including surgery to relieve pressure on the brain. To date the victim has permeant [sic] traumatic brain injury that will preclude her from ever leading a normal life.
>
> She is disfigured, and additionally [appellant's] license was suspended in the Commonwealth [at the time of the crash]. [Appellant] was not to be operating a motor vehicle. Lastly, [appellant] did endanger the lives of the other three children in his vehicle. The ages are ten, eight and six years old, who were not properly restrained as required by law.

Notes of testimony, 11/10/16 at 2-3.

On November 10, 2016, appellant pled guilty to aggravated assault by vehicle, accidents involving death or personal injury while not properly licensed, and three counts of endangering the welfare of children.[1] On March 31, 2017, the trial court sentenced appellant to an aggregate term of 75 to 150 months' imprisonment. Appellant filed a timely notice of appeal to this court, challenging the discretionary aspects of his sentence. On April 6, 2018, a panel of this court affirmed appellant's judgment of sentence, and appellant did not seek allowance of appeal with our supreme court. *See **Commonwealth v. Pooler**, 190 A.3d 690 (Pa.Super. 2018) (unpublished memorandum).

---

[1] 75 Pa.C.S.A. §§ 3732.1(a), 3742.1(a), and 18 Pa.C.S.A. § 4304(a), respectively.

On December 14, 2018, appellant filed a timely **pro se** PCRA petition and C. Curtis Norcini, Esq. ("PCRA counsel"), was appointed to represent him. On March 21, 2019, PCRA counsel filed a "no-merit" letter and petition to withdraw in accordance with **Turner**/**Finley**,[2] concluding that there existed no meritorious issues to raise on appellant's behalf. On May 29, 2019, the PCRA court provided appellant with notice, pursuant to Pa.R.Crim.P. 907(1), of its intention to dismiss his petition without a hearing. Appellant filed a **pro se** response to the PCRA court's Rule 907 notice on June 20, 2019. Thereafter, on July 9, 2019, the PCRA court granted PCRA counsel's request to withdraw and dismissed appellant's petition without a hearing. This timely appeal followed.[3]

Preliminarily, we recognize that appellant's **pro se** brief does not contain a statement of questions involved, as required by the Pennsylvania Rules of Appellate Procedure 2111(a)(4) and 2116(a). Nevertheless, we decline to find waiver in this instance because we are able to discern the crux of appellant's argument from his brief. **See Commonwealth v. Levy**, 83 A.3d 457, 461 n.2 (Pa.Super. 2013) (declining to find waiver where omissions did not impede review). Appellant contends that the PCRA court erred in dismissing his petition without an evidentiary hearing because his sentence for aggravated

---

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (**en banc**).

[3] Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

assault by vehicle should have merged with his sentence imposed for accidents involving death or personal injury while not properly licensed ("AIDPI-NL"). (Appellant's brief at 4-7.)

"[W]hen a defendant pleads guilty, he waives the right to challenge anything but the legality of his sentence and the validity of his plea." *Commonwealth v. Williams*, 204 A.3d 489, 495 (Pa.Super. 2019) (citation omitted). A claim that a trial court failed to merge convictions for sentencing purposes challenges the legality of the sentence and is cognizable under the PCRA. *Commonwealth v. Baldwin*, 985 A.2d 830, 833 (Pa. 2009) (citation omitted); *see also* 42 Pa.C.S.A. § 9543(a)(2)(vii) (providing that a petitioner may be eligible for relief if he pleads and proves that his conviction or sentence resulted from "[t]he imposition of a sentence greater than the lawful maximum.").

"Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa.Super. 2014). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." *Commonwealth v. Patterson*, 143 A.3d 394, 397 (Pa.Super. 2016) (citations omitted). Additionally, we recognize that when the PCRA court denies a petition without an evidentiary hearing, as is the case here, we "examine each issue raised in the PCRA petition in light of

the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing." *Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa.Super. 2012) (citations omitted).

Upon review, we discern no error on the part of the PCRA court in concluding that appellant's convictions for AIDPI-NL and aggravated assault by vehicle do not merge for sentencing purposes and that his challenge to the legality of his sentence warranted no relief. (*See* Rule 907 notice, 5/29/19 at 2-3 n.1.) Contrary to appellant's contention, his convictions for AIDPI-NL and aggravated assault by vehicle are not subject to merger, as each required proof of an element that the other does not.

The Sentencing Code governs merger for sentencing purposes and provides as follows:

> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765. "The statute's mandate is clear. It prohibits merger unless two distinct facts are present: 1) the crimes arise from a single criminal act; and 2) all of the statutory elements of one of the offenses are included in the statutory elements of the other." *Commonwealth v. Grays*, 167 A.3d

793, 814 (Pa.Super. 2017), **appeal denied**, 178 A.3d 106 (Pa. 2018), quoting **Baldwin**, 985 A.2d at 833.

Here, appellant's conviction for AIDPI-NL required the Commonwealth to demonstrate that appellant: (1) caused an accident that resulted in the injury or death of a person; (2) did do so without a valid license to operate a motor vehicle in this Commonwealth; and (3) did so with criminal negligence. **See** 75 Pa.C.S.A. § 3742.1(a).[4] Appellant's conviction for aggravated assault by vehicle, on the contrary, required the Commonwealth to demonstrate that appellant: (1) acted recklessly or with gross negligence; (2) causing serious bodily injury; (3) while violating the MVC; and (3) that the MVC violation is the cause of the serious bodily injury. **See** 75 Pa.C.S.A. § 3732.1(a).

Although both aggravated assault by vehicle and AIDPI-NL require a violation of the MVC, a review of the plain language of these statutes demonstrates that aggravated assault by vehicle clearly imposes additional requirements that AIDPI-NL does not. As recognized by the PCRA court, unlike AIDPI-NL, "[a] person may be convicted of aggravated assault by vehicle regardless of whether they are lawfully permitted to operate a motor vehicle in this Commonwealth." (Rule 907 notice, 5/29/19 at 3 n.1.) Second, aggravated assault by vehicle specifically requires that the violation of the

---

[4] We note that "the **mens rea** for a violation of 75 Pa.C.S.A. § 3742.1 is criminal negligence[,]" even though the statute defining such offense does not contain a scienter requirement. **Commonwealth v. Hurst**, 889 A.2d 624, 630 (Pa.Super. 2005), **appeal denied**, 889 A.2d 624 (Pa. 2006).

MVC be the cause of serious bodily injury. The MVC violation in AIDPI-NL is driving without a license, which was not the cause of the victims' injuries in this case. Third, while a person may be found guilty of aggravated assault by vehicle if they act "recklessly or with gross negligence," reckless intent is not found in AIDPI-NL.

Based on the foregoing, we discern no error on the part of the PCRA court in dismissing appellant's petition without conducting an evidentiary hearing. Accordingly, we affirm the July 9, 2019 order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/8/20