563 A.2d 1249

**COMMONWEALTH of Pennsylvania**

v.

**William THOMAS, Appellant.**

Superior Court of Pennsylvania.

Submitted July 24, 1989.

Filed Sept. 6, 1989.

192

Carl J. Poveromo, Scranton, for appellant.

Salvatore J. Nardozzi, Asst. Dist. Atty., Dunmore, for Com.

Before ROWLEY, OLSZEWSKI and HESTER, JJ.

OLSZEWSKI, Judge:

This is an appeal from a judgment of sentence imposed following appellant's conviction of two counts of driving under the influence of alcohol, 75 Pa.C.S.A. § 3731(a) (hereinafter "DUI"). Appellant contends that the trial court abused its discretion in sentencing appellant to two consecutive terms of one-to-two years incarceration. For reasons that follow, we affirm the judgment of sentence.

As the result of an accident that occurred on July 10, 1987, appellant was charged on July 15, 1987 with DUI. Following another accident on October 1, 1987, appellant was again charged with DUI.[1] On June 10, 1988, appellant plead guilty to both counts. The trial court imposed consecutive one-to-two year sentences on February 10, 1989, and

---

1. Appellant was also charged with driving while operating privilege was suspended or revoked, 75 Pa.C.S.A. § 1543, following the first incident. Pursuant to a plea agreement, however, this summary offense was *nolle prossed* at the time of sentence.

denied appellant's petition for reconsideration of sentence on February 15, 1989. This appeal followed.

■ Appellant raises one issue for our review: "Whether the sentencing court abused its discretion in sentencing the defendant due to its failure to consider the guidelines as an indicator of reasonability and by imposing an excessive and unreasonable sentence based solely upon the nature of the crime and defendant's prior record?" Appellant's brief at 3. Appellant challenges the discretionary aspects of his sentence. When challenging the discretionary aspects of sentencing, the courts of this Commonwealth require: (1) a timely notice of appeal; (2) setting forth of the challenge in the statement of questions presented; and (3) a concise statement of reasons for allowance of appeal under 42 Pa.C.S.A. § 9781(c). *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987); *Commonwealth v. Darden*, 366 Pa.Super. 597, 531 A.2d 1144 (1987).

■ Finding that appellant has complied with these procedural requirements, we proceed to determine whether appellant has raised the appearance of a substantial question as to whether the sentence imposed is appropriate under the Sentencing Code. 42 Pa.C.S.A. § 9781(b). *Commonwealth v. Anderson*, 381 Pa.Super. 1, 17, 552 A.2d 1064, 1072 (1988); *Commonwealth v. Felix*, 372 Pa.Super. 145, 151, 539 A.2d 371, 374 (1988). Our Supreme Court mandated that an appellant separately set forth the reasons relied upon for allowance of appeal in order to further the purpose of the Sentencing Code "of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to *exceptional* cases." *Tuladziecki, supra*, 513 Pa. at 513, 522 A.2d at 20 (emphasis added). In determining whether a substantial question is presented, we must make a separate and distinct determination from any review of the merits of the petition. *Darden, supra*, 366 Pa.Super. at 603, 531 A.2d at 1147. "Consequently, we must accept appellant's assertions of fact as a true and complete statement of the relevant facts for the

limited purpose of determining whether appellant has raised the appearance of a substantial question." *Id.*

> What constitutes a "substantial question" under section 9781(b) must be evaluated on a case by case basis. However, we will be inclined to allow an appeal where an appellant advances a colorable argument that the trial judge's actions were: 1) inconsistent with a specific provision of the Sentencing Code; or 2) contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Losch,* 369 Pa.Super. 192, 201 n. 7, 535 A.2d 115, 119 n. 7 (1987).

Appellant's statement of reasons relied upon for allowance of appeal provides in pertinent part:

> As a general rule, when the sentence imposed is outside the sentencing guidelines, the Superior Court will conclude there is a substantial question that the sentence imposed is not appropriate under the statutory guidelines and will allow the appeal. *Commonwealth v. Sheridan,* 502 A.2d 699 [694], 348 Pa.[Super.] 547 [574] (1985). Although on the date of the instant offense, there were no sentencing guidelines in effect in the Commonwealth of Pennsylvania, the Probation Officer utilized the guidelines promulgated April 25, 1988 in preparing the pre-sentence report. On February 10, 1989, the Lower Court sentenced defendant on 87 CR. 995, Operating a Motor Vehicle While Under the Influence of Alcohol to a minimum of one (1) year and a maximum of two (2) years and on 87 CR. 1266, Operating a Motor Vehicle While Under the Influence of Alcohol, to a minimum of one (1) to a maximum of two (2) years at a state correctional institution to run consecutively; $300.00 fine on each of the charges and pay costs of prosecution. The sentence imposed is outside of the sentencing guidelines. Moreover, the Lower Court failed to advise the defendant what the sentencing guidelines provided as far as the range of sentence and failed to state why it deviated from the guidelines. Rather, to justify the imposition of an exces-

sive sentence the Court focused solely on the defendant's prior record.

Appellant's brief at 5–6.

■ We find that appellant has failed to raise a substantial question as to the appropriateness of his sentence. Appellant's contention regarding the sentencing guidelines is improper because the sentencing guidelines promulgated April 25, 1988 "apply only to sentencing for offenses committed after April 25, 1988." *Commonwealth v. Smicklo*, 375 Pa.Super. 448, 452 n. 4, 544 A.2d 1005, 1007 n. 4 (1988). The trial court, therefore, had the prerogative to consult the guidelines but was in no manner bound by their recommendations nor the case law governing the failure to stay within applicable guidelines.

Further, appellant has failed to include in his statement a complete statement of factual assertions to support his bald allegation that the court focused only on his prior record. *See Felix, supra*, 372 Pa.Super. at 159, 539 A.2d at 378. In any event, appellant's statement admits that the trial court was provided with a pre-sentence report upon which to base its sentencing decision. "It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand." *Commonwealth v. Williams*, 386 Pa.Super. 322, ——, 562 A.2d 1385, 1388 (1989) (en banc), *quoting Commonwealth v. Devers*, 519 Pa. 88, 102, 546 A.2d 12, 18 (1988) (holding that where pre-sentence report exists, reviewing court will presume that sentencing court was aware of relevant information regarding defendant's character and weighed those considerations). In effect, appellant asks this Court to substitute its judgment regarding an appropriate sentence for that of the trial judge. "Such a statement does not raise a substantial question that the sentence imposed was in fact inappropriate." *Williams, supra*, 386 Pa.Super. at ——, 562 A.2d at 1388, *citing Commonwealth v. Billett*, 370 Pa.Super. 125, 131, 535 A.2d 1182, 1185 (1988).

We find that appellant has failed to articulate reasons why his sentence "raises doubts that [the sentencing]

scheme as a whole has been compromised." *Tuladziecki, supra,* 513 Pa. at 515, 522 A.2d at 20. Accordingly, the petition for permission to appeal must be denied.[2]

Petition for permission to appeal is denied. Judgment of sentence affirmed.

**2.** We note that, even if appellant had raised a substantial question, the record reflects that the trial court did not abuse its discretion in determining sentence. We will not disturb sentence when the trial court had a degree of awareness of sentencing considerations and that a weighing process took place in a meaningful fashion. *Devers, supra.* In this regard, the trial court, upon pronouncing sentence, declared:

William, in passing sentence I am taking into consideration your pre-sentence investigation report and the seriousness of the charges and your criminal record and the possibility of your rehabilitation. And your drunken driving is serious and we are very concerned about it. And you know, your record reveals that you have been institutionalized before and you haven't had the ability to take advantage of the programming, especially the alcohol and drug treatment.

The conduct here—there is two separate cases where vehicles landed in the front lawn of properties in the south side area. And your blood alcohol was dangerously high. The criminal behavior that constitutes a serious threat and danger to the community, incarceration being—what I am going to do is incarcerate you and that is to serve as a punitive and a deterrent measure. I think that we have to—you're 27 years old now. You are going to have to grapple seriously with your drug and alcohol addiction problem, you know, for you to get straightened out once and for all so you can ... enjoy your life and become a good citizen.

Transcript at 4–5.