565 A.2d 777

**COMMONWEALTH of Pennsylvania**

v.

**Stephen BARNES, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 20, 1988.

Filed Oct. 30, 1989.

328

Val P. Wilson, Philadelphia, for appellant.

Joann Verrier, Asst. Dist. Atty., Philadelphia, for Com.

Before CIRILLO, President Judge, and BROSKY, McEWEN, DEL SOLE, MONTEMURO, BECK, TAMILIA, POPOVICH and JOHNSON, JJ.

JOHNSON, Judge.

Stephen Barnes was convicted of robbery, criminal conspiracy and possessing instruments of crime. The Honorable Marvin R. Halbert heard and denied post-trial motions. Judge Halbert sentenced Barnes to serve an aggregate term of fifteen to thirty years' imprisonment.

Barnes appealed, raising numerous allegations of trial court error. The appeal was submitted on briefs. Prior to a decision, this court ordered argument of the case before the court *en banc* to consider whether the Career Criminal Program of the Philadelphia County District Attorney's Office was constitutionally valid despite the Commonwealth's failure to demonstrate the existence of established guidelines governing inclusion in the program and that appellant fell within any such guidelines.

This appeal was scheduled along with *Commonwealth v. Simmons*, 388 Pa.Super. 271, 565 A.2d 481 (1989), to consider the issue presented in both appeals relating to the Career Criminal Program. In deciding the *Simmons* appeal, we concluded that the defendant's right to a non-jury trial under Pa.R.Crim.P. 1101 had not been violated and that the trial judge had not abused his discretion in rejecting a motion for recusal. We further concluded that the broad issue of the viability of the Career Criminal Program, and the review and evaluation of procedural program guidelines is beyond the appellate jurisdiction of this court. *Commonwealth v. Simmons, supra.*

On this appeal, Barnes challenges his trial in the Career Criminal Program, conceding that the program itself is constitutionally permissible. Barnes claims that he was entitled to a hearing at which the Commonwealth would have been required to provide the criteria governing assignments to the program and to prove that defendant met the criteria for inclusion. In fact, Barnes did have a hearing on the career criminal aspect of his omnibus pre-trial motion dated October 2, 1986. N.T., dated October 2, 1986, pages 5—23. Judge Halbert found no prejudice to defendant Barnes as a result of his inclusion in the program. At argument on post-verdict motions, counsel for Barnes was again invited by the court to submit evidence of prejudice arising from Barnes' inclusion in the Career Criminal Program. Court-appointed counsel, Van Pleet Wilson, responded thusly:

> Mr. Wilson: The prejudice is that, frankly, there are a lot of judges who are quite irresponsible and who don't sentence properly and *we were deprived of our right to go in front of those irresponsible judges.* That sounds cynical, but that's how it is in this city.

> The Court: We are not talking about the sentencing posture. We are talking about acting as a referee, as I did, at the trial level. What was the prejudice?

Mr. Wilson: Your Honor, again, *I don't see any prejudice to the factual determination of guilt or innocence. I think you conducted a very fair trial.*

N.T. dated February 18, 1987, page 9.

In the Argument section of Barnes' Brief for Appellant, he presents a consolidation of his first five questions on appeal as follows:

THE PLACEMENT OF APPELLANT INTO THE CAREER CRIMINAL PROGRAM WITHOUT A HEARING WAS ERROR, THE DENIAL OF APPELLANT'S REQUEST FOR A HEARING WAS ERROR, THE REFUSAL OF THE PROSECUTOR TO DIVULGE THE CAREER CRIMINAL GUIDELINES WAS ERROR AND A VIOLATION OF THE TRIAL JUDGE'S ORDER TO DO SO, THE PROCEDURAL APPLICATION OF THE CAREER CRIMINAL PROGRAM IN THE INSTANT CASE WAS ERROR AND ALL OF THE ABOVE WERE VIOLATIONS OF THE CONSTITUTION, DUE PROCESS OF THE LAW AND EQUAL PROTECTION OF THE LAW.

Brief for Appellant, page 7.

Both at the hearing, pre-trial, on Barnes' motion to declare the Career Criminal Program null and void and at the argument upon post-trial motions, the distinguished trial judge invited Barnes' counsel to submit evidence of the prejudice suffered by Barnes as a result of his inclusion in the program. The only prejudice apparent from the record is, in the words of Barnes' counsel, denial of the right to appear before a "quite irresponsible" judge who would not sentence Barnes "properly." Our careful review of the record does not disclose any error by Judge Halbert in denying both the *pro se* Motion to Delcare [sic] the Career Criminal Program Null and Void filed September 19, 1986 and the Motion to Exclude Petitioner from the Career Criminal Program and Challenge to Same filed along with the Post–Verdict Motions on February 26, 1987. Since we have determined, in *Commonwealth v. Simmons, supra,* that the review and evaluation of the program guidelines is

beyond our appellate review powers, we reject the first five questions presented on this appeal as subsumed in appellant's first argument.

■ At Questions 6 through 9, Argument Section II, Barnes argues that Judge Halbert committed error in denying Barnes' Petition to Reconsider Sentence and that the sentences are contrary to law. To the extent that we are asked to review the discretionary aspects of the sentence, we decline to do so. Barnes has not included in his brief a statement of reasons requiring review, and the Commonwealth has properly objected. *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987). Moreover, the relief Barnes seeks—sentencing within the guideline range—has been removed from our consideration on this sentence by our supreme court's decision in *Commonwealth v. Sessoms*, 516 Pa. 365, 532 A.2d 775 (1987).

■ On the sentencing, we commend Judge Halbert for bringing to our attention the inadvertent sentencing of Barnes for two inchoate crimes, conspiracy and possession of an instrument of crime. Prior to February 9, 1987, a person could not be convicted of more than one offense defined by Chapter 9 of the Crimes Code for conduct designed to commit or to culminate in the commission of the same crime. 18 Pa.C.S. § 906. We therefore will accept Judge Halbert's request, as joined in by Barnes, and vacate the sentence imposed on the possessing instruments of crime charge, while permitting the sentence imposed on the conspiracy charge to remain. *Commonwealth v. Krysiak*, 369 Pa.Super. 293, 535 A.2d 165 (1987), *appeal denied*, 518 Pa. 637, 542 A.2d 1366.

■ At Questions 10 through 12, Argument Section III, Barnes contends the evidence was insufficient and the verdicts were contrary to law and the weight of the evidence. Although this case involves an indoor robbery wherein all the criminal acts occurred inside the victim's home, Barnes seeks to rely upon contradictions between weather bureau reports and the complainant's testimony concerning outside

weather conditions to argue that the victim's testimony should have been excluded. Barnes cites no authority for this proposition and we have not been referred to any. Our review of the trial testimony convinces us that the evidence at trial and the reasonable inferences deducible therefrom more than sufficiently support Barnes' convictions.

Barnes raises additional issues in his Brief for Appellant, relating to (a) the refusal to charge on the lesser included offense of assault, (b) Pa.R.Crim.P. 1100, (c) voir dire, (d) the denial of severance, and (e) denial of pre-trial motions relating to the location of the parties in the courtroom and the order in which the parties opened and closed to the jury. There was no argument or brief filed before Judge Halbert on any of these issues and they are waived. *Commonwealth v. Manigault*, 501 Pa. 506, 462 A.2d 239 (1983).

We find no merit to the contentions raised by Barnes on this appeal. The convictions for robbery, criminal conspiracy and possessing instruments of crime are affirmed. The judgments of sentence for robbery (10 to 20 years' imprisonment) and conspiracy (5 to 10 years' imprisonment, to run consecutively) are both affirmed. The judgment of sentence for possessing instruments of crime (2 to 5 years' imprisonment, to run concurrently) is vacated. Jurisdiction is relinquished.

DEL SOLE, J., files a concurring opinion.

BECK, J., files a concurring statement.

TAMILIA, J., concurs in the result.

POPOVICH, J., files a concurring and dissenting opinion.

DEL SOLE, Judge, concurring:

I write separately only to note my disagreement with the Majority's decision declining to review the discretionary aspects of Appellant's sentence. Citing to *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987), the Majority refuses Appellant's request to have an appellate court re-

view the discretionary aspects of his sentence because Appellant has not included in his Brief a statement of reasons requiring review, and because the Commonwealth has objected to this deficiency.

Such decisions permitting selective review of the discretionary aspects of a sentences find their basis in 42 Pa.C. S.A. § 9781(b). It provides:

Allowance of Appeal.—The defendant or the Commonwealth may file a petition for allowance of appeal of the discretionary aspects of a sentence for a felony or a misdemeanor to the appellate court that has initial jurisdiction for such appeals. Allowance of appeal may be granted at the discretion of the appellate court where it appears that there is a substantial question that the sentence imposed is not appropriate under this chapter.

It is my view that § 9781(b), which limits appellate review to those cases where a "substantial question" exists, is prohibited by Article 5, Section 9 of the Constitution of this Commonwealth. That Article states:

There *shall* be a right of appeal in *all* cases to a court of record from a court not of record; and there shall also be a right of appeal from a court of record or from and administrative agency to a court of record or to an appellate court, the selection of such court to be as provided by law; and there shall be such other rights of appeal as may be provided by law.

(emphasis added).

The Constitution provides a defendant in a criminal proceeding with a right to have all matters reviewed which have been properly preserved at the trial court level. This "right" directly conflicts with the appellate court's ability under § 9781 to exercise its discretion in determining whether to "grant" an appeal from the discretionary aspects of a sentence. Citing to the Constitutional provision cited above the supreme court has stated:

[A]n accused has an absolute right to appeal, Pa.Constitution, Article V, Section 9, and counsel can be faulted for allowing that right to be waived unless the accused

himself effectively waived the right.... This require-
ment that counsel protect the appellate right of an ac-
cused extends even to circumstances where the appeal is
'totally without merit.'

*Commonwealth v. Wilkerson,* 490 Pa. 296, 416 A.2d 477,
479 (1980). A defendant's ability to have his or her sen-
tence reviewed by an appellate court operates as a neces-
sary check to ensure that an appropriate punishment has
been issued. The important role discretion now takes at
sentencing and its limitations have been examined by the
supreme court. Referring to the substantial revisions
which have taken place in sentencing procedures, the court
in *Commonwealth v. Martin,* 466 Pa. 118, 351 A.2d at 650
(1976) remarked:

At one time, sentencing by a court after a finding of guilt
was purely ceremonial, since there was but one penalty at
law for any given crime. However, during the nineteenth
century, when incarceration became the primary mode of
punishment, the practice of discretionary sentencing be-
gan. At first this took the form of executive pardons,
and the judge's duty remained only to apply the sentence
mandated by law. However, discretionary sentencing
soon became an integral part of judicial procedure; the
sentencing court had increasing discretion in its choice of
sentence.

.    .    .    .    .

The importance of this discretion cannot be overempha-
sized; many commentators argue that it is one of the
most important, and most easily abused, powers vested in
the trial court today. In *United States v. Waters,* 141
U.S.App.D.C. 289, 437 F.2d 722, 723 (1970), Judge Wilkey,
speaking for the court, states:

'What happens to an offender after conviction is the
least understood, the most fraught with irrational dis-
crepancies, and the most in need of improvement of any
phase in our criminal justice system.'

.    .    .    .    .

It is true that the sentence imposed is normally left undisturbed on appeal because the trial court is in a far better position to weigh the factors involved in such a determination. However, we have held that the court's discretion must be exercised within certain procedural limits, including the consideration of sufficient and accurate information.

466 Pa. at 128–132, 351 A.2d 650. (footnotes omitted.)

The power held by those who impose a discretionary sentence is not without limits. The Constitutional provision found in Article 5, Section 9 ensures that a defendant has a right to appeal. Although this right may be waived by the defendant's own actions, it nevertheless remains the defendant's right. Section 9781 appears, to me, to eliminate the right to appeal. For this reason, I believe 42 Pa.C.S.A. § 9781(b) violates Article 5, Section 9 of the Pennsylvania Constitution.

Because, in my view, the discretionary aspects of Appellant's sentence are entitled to be reviewed by this court, I have undertaken such an examination. I have found nothing improper in the sentencing procedure employed and conclude that the sentencing judge considered appropriate factors and fashioned a sentence which did not constitute an abuse of discretion.

BECK, Judge, concurring:

I concur in the result. I agree that appellant is not entitled to relief on the basis of his placement in the Career Criminal Program for the reasons specified in my concurring statement in *Commonwealth v. Simmons.*

POPOVICH, Judge, concurring and dissenting.

I dissent to that portion of the Majority's opinion that holds that this Court is without authority to entertain and examine a challenge to Philadelphia's Career Criminal Program by the appellant, Stephen Barnes. The reasons for my belief to the contrary are fully set forth in the Dissent-

ing Opinion by Popovich, J. in *Commonwealth v. Simmons,* 388 Pa.Super. 271, 565 A.2d 481 (1989).

For the lower court to have required that the appellant first offer evidence of prejudice in being included into the Career Criminal Program, in the absence of the appellant being privy to the criteria established by the District Attorney's office, would have, of necessity, hampered the appellant's ability to present a case in support of his contentions against the existence and/or implementation of a Program which operated without the benefit of the accused being cognizant of the conditions under which he qualified for inclusion in such a Program.

Such a unilateral enforcement of a program does little to promote the interests of the citizenry in this Commonwealth and of an accused in the operation of the judicial system. Rather, it creates a cloak of secrecy in that arm of the judicial system (the prosecution and, in this case, the judiciary) that should be at the forefront of "openness" in the administration of our system of justice.

Because there appears to have been, at least in this writer's eyes, a breach of the "openness" spoken of and endorsed by our Supreme Court in *Commonwealth v. Lutz,* 508 Pa. 297, 495 A.2d 928 (1985) and *Commonwealth v. Sorrell,* 500 Pa. 355, 456 A.2d 1326 (1982), in regard to the operation of our criminal justice system, I must refrain from joining in the Majority's condonation of the Philadelphia's District Attorney's "office practice", see Dissenting Opinion by Popovich, J. in *Commonwealth v. Simmons, supra,* of not disclosing either the criteria examined in determining whether an accused is to be admitted into the Career Criminal Program or the reasons of the individual responsible for making such a determination being stated in record form so as to allow a challenge if one is so desired by a defendant.

For the reasons herein stated, I respectfully dissent to the Majority's resolution of the Career Criminal Program issue.