578 A.2d 429

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Randall J. CHILCOTE, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 16, 1990.

Filed July 20, 1990.

---

108

David M. McGlaughlin, Philadelphia, for appellant.

Stewart L. Kurtz, Dist. Atty., Huntingdon, for Com.

Before ROWLEY, POPOVICH and HUDOCK, JJ.

HUDOCK, Judge:

Following a nonjury trial, Appellant was found guilty of four counts of possession of a controlled substance with

intent to deliver.[1] Timely filed post-trial motions were denied. Appellant's original sentence of 8 to 20 years imprisonment was reduced to an aggregate term of 7 years in response to his motion to modify sentence. Appellant was also ordered to pay: (1) the costs of prosecution; (2) the sum of $1,750 as restitution for the money advanced for undercover police activities in connection with these cases; and (3) a fine of $2,000. A second motion to modify was denied and this appeal follows.[2] For the reasons set forth below, we affirm.

Appellant's instant appeal raises the following issues for our review:

(1) The trial court erred in denying Appellant's motion to dismiss the prosecutions pursuant to Pa.R.Crim.P. 1100(f).

(2) The trial court erred in denying the motion to dismiss on the basis of a violation of Appellant's due process rights under the federal and state constitutions.

(3) The trial court erred in refusing to grant a motion for recusal based on participation of the trial judge in plea negotiations in contravention of Pa.R.Crim.P. 319(b)(1).

(4) 42 Pa.C.S.A. § 9781 is unconstitutional as it is in direct conflict with Article V, §§ 9 and 10(c) of the Pennsylvania Constitution.

(5) The sentence imposed by the trial court is harsh, excessive and a gross abuse of discretion and otherwise unconstitutional under the federal and state constitutions.

The facts of the case were summarized by the trial court as follows. Following the sale of controlled substances by Appellant to Trooper Rance N. Morey, an undercover agent for the Pennsylvania State Police, three criminal complaints were filed against Appellant on December 23, 1981. The

1. 35 P.S. § 780–113(a)(30).

2. We note that the second motion to modify was denied on April 6, 1987 after a notice of appeal had been filed with this Court.

first complaint alleged that Appellant delivered a Schedule II controlled substance, cocaine. The second complaint alleged that Appellant possessed with intent to deliver a non-narcotic Schedule I controlled substance, approximately two pounds of marijuana. The third complaint alleged that Appellant possessed with intent to deliver a Schedule II non-narcotic substance, one ounce of methamphetamine. Criminal informations were filed in connection with these offenses at No. 6 C.A., 1982.

On March 24, 1982, another criminal complaint was filed against Appellant, alleging that he possessed with intent to deliver a Schedule II non-narcotic controlled substance, cocaine, and that he also possessed with intent to deliver a Schedule I non-narcotic controlled substance, marijuana. This complaint was the result of a controlled purchase from Appellant by Trooper Morey of approximately 1½ ounces of cocaine and 1½ pounds of marijuana. Criminal informations were filed at No. 141 C.A., 1982 with regard to these offenses.

On April 22, 1982, Appellant filed a request for the appointment of a physician pursuant to 35 P.S. § 780–118 [3], disposition in lieu of trial or criminal punishment. The trial court entered an order reflecting its refusal of Appellant's request on September 7, 1982. Appellant's appeal from that order was quashed as being interlocutory. Allocatur was subsequently granted by our Supreme Court. However, Appellant withdrew his appeal when the Commonwealth agreed to permit Appellant to be examined by a physician in accordance with 35 P.S. § 780–118. The record was returned to the trial court from our Supreme Court on May 3, 1985.

Because the Commonwealth had never filed a motion for extension of time within which to commence trial under Pa.R.Crim.P. 1100(c), Appellant filed two motions to dismiss on July 8, 1985, based on Pa.R.Crim.P. 1100(f) and on a claimed due process violation. The trial court held these

---

**3.** 1972, April 14, P.L. 233, No. 64, § 18, eff. June 14, 1972. As amended 1972, Oct. 26, P.L. 1048, No. 263, § 1, imd. effective.

motions until the trial date fixed for the following week, July 15, 1985. On that date, the court entered an order denying both motions, and trial commenced immediately thereafter. We will address the multiplicity of issues raised by Appellant *seriatim*.

In his brief, Appellant argues that the two cases underlying this appeal should be dismissed for violation of his right to a speedy trial pursuant to Pa.R.Crim.P. 1100, 42 Pa.C. S.A. Rule 1100(a)(2), at the time the within criminal complaints were filed, provided that a trial in a court case in which a written complaint is filed against the defendant shall commence no later than 180 days from the date on which the complaint is filed.[4] Appellant summarizes his position as follows. The complaint in No. 6 C.A., 1982 was filed on December 23, 1981 while the Complaint in No. 141 C.A., 1982 was filed on March 24, 1982. Appellant calculates the period of time between the filing of the complaints and his trial as being 1,300 and 1,209 days respectively. Appellant contends that only 81 days, resulting from a limited waiver of his Rule 1100 right, for the period of May 3, 1982 to July 23, 1982, are excludable in connection with No. 6 C.A., 1982. He concedes, however, that the period of delay for the appeal process, calculated to be 966 days, is excludable. With respect to the calculation of the Rule 1100 time period regarding the charges at No. 141 C.A., 1982, Appellant maintains that only the 966-day appeal period is excludable. Based on the following discussion, we find that Appellant's contentions are erroneous.

▮ Initially, we note that Rule 1100(d), effective during all periods of time relevant to this case, mandated that any period of delay at any stage of the proceedings that results

---

**4.** Effective December 31, 1987, Pa.R.Crim.P. 1100 was amended so that Pa.R.Crim.P. 1100(a)(2) now states that a trial in a court case in which a written complaint is filed against the defendant, where the defendant is incarcerated, shall commence no later than 180 days from the date on which the complaint is filed. Pa.R.Crim.P. 1100(a)(3) now mandates that a trial in a court case in which a written complaint is filed against the defendant, where the defendant is at liberty on bail, shall commence no later than 365 days from the date on which the complaint is filed.

from the unavailability of the defendant or his attorney must be excluded when determining the period for commencement of trial.[5] *Commonwealth v. Riffert*, 379 Pa.Super. 1, 10, 549 A.2d 566, 571 (1988). Further, we observe that the time intervening between a defendant's filing of pre-trial motions and the trial court's disposing of such motions is also time which is properly excluded from the computation of the 180–day period under Rule 1100 due to the unavailability of the defendant. *Commonwealth v. Riffert, supra* (defendant's trial could not commence until his omnibus pretrial motion was disposed of by the trial court; thus, he was unavailable to be tried while his motion was pending). Additionally, the time period that a case is on appeal is properly excluded from the Rule 1100 computation. *Jones v. Commonwealth*, 495 Pa. 490, 434 A.2d 1197 (1981) (timely appellate procedures clearly divest the trial court of authority to proceed, and thus act as an automatic supersedeas of the operation of Rule 1100).

Appellant filed a pre-trial motion on April 22, 1982, requesting the appointment of a physician pursuant to 35 P.S. § 780–118(a). In effect, Appellant was requesting that the criminal charges against him be disposed of under this section and that he be permitted drug dependency treatment in lieu of a trial, possible criminal conviction, and consequential incarceration. On September 7, 1982, the trial court refused Appellant's request, which led to his appeal to this Court and subsequently to our Supreme Court. The appellate process was completed when Appellant withdrew his appeal to our Supreme Court on May 2, 1985. Through the filing of his pre-trial motion and subsequent appeals, Appellant implicitly requested that trial be delayed until the issue was resolved since a favorable decision could, ultimately, eliminate the necessity of a criminal trial. *See, Commonwealth v. Palmer*, 384 Pa.Super. 379, 558 A.2d 882 (1989). We therefore conclude that for purposes of calculating the 180–day period, Appellant was unavailable for trial for the period of time in which the

5. This mandate is now contained in Pa.R.Crim.P. 1100(c)(3)(i).

issue of whether a physician would be appointed under 35 P.S. § 780–118(a) was pending before the trial court as a pretrial motion. Additionally, the period of time that Appellant's appeal was pending before this Court and our Supreme Court is also excludable. Thus, the periods of time from April 22, 1982 until September 7, 1982 (138 days), the period the motion was pending in the trial court, and from September 10, 1982 until May 3, 1985 (966 days), the appeal period, must be excluded from the computation.

■ Further, we note that in his concurring opinion in *Commonwealth v. Bond*, 350 Pa.Super. 341, 504 A.2d 869 (1986), then President Judge Spaeth considered a similar situation in which it was necessary for a criminal defendant to be tried following the remand of her case after this Court denied her permission to file an interlocutory appeal. The majority had concluded that "for Rule 1100 purposes appellant's trial 'commence[d]' when the hearing was held on her pre-trial motion challenging the constitutionality of the statute she was charged with violating." *Id.*, 350 Pa.Superior Ct. at 355, 504 A.2d at 877. Instead of accepting the majority's conclusion which he suggested depends "upon an artificial definition of 'commence' ", former President Judge Spaeth concluded that the appellant's trial had " 'commenced,' in the obvious and matter of fact sense of that word, very shortly after we returned the record to the trial court." *Id.* In agreeing with the majority that the appellant was not denied her right to a speedy trial, past President Judge Spaeth first noted that the purpose of "[t]he rule is to prevent oppressive pre-trial incarceration, minimize the anxiety of the accused, and limit the possibility that the defense will be impaired" and reasoned:

Here, appellant's petition for leave to file an interlocutory appeal rendered her unavailable for trial. Given that, we must look to see whether appellant's unavailability resulted in any delay beyond the date on which this court remanded the record to the trial court. Plainly, it did; some delay in scheduling a case for trial is inevitable whenever we remand, for the trial court cannot be expect-

ed to drop everything else and proceed at once with the case remanded. Here we do not know from the record exactly how much delay occurred, for as mentioned, the record does not disclose exactly when we remanded the record; but we do know that the delay was slight, for on March 8, 1982, less than thirty days after our decision denying appellant's petition for leave to file an interlocutory appeal, the trial court scheduled trial for April 19, 1982, and but for appellant's further request for continuance, trial would have commenced then.

Our cases establish that unavailability cannot be defined precisely but must be determined according to the facts of each case.... I therefore have no difficulty in finding that the delay from the date of our remand to the trial court to the date set for trial, April 19, 1982, was fairly attributable to appellant's unavailability. The delay is therefore "automatically excluded," ... from which it follows that appellant was timely tried. (Citations omitted)

*Id.*, 350 Pa.Superior Ct. at 360–61, 504 A.2d at 880. Thus, we conclude that the delay from the date of remand to the trial court from our Supreme Court following the withdrawal of Appellant's appeal, May 3, 1985, to the date set for Appellant's trial, July 15, 1985, was attributable to Appellant's unavailability and that this period of time (66 days) is therefore automatically excluded from the computation of the Rule 1100 run date.

Accordingly, we calculate the period of time that Appellant was available for trial with reference to No. 6 C.A., 1982, to be 123 days.[6] Our calculations show that trial on

**6.**

6 C.A., 1982
(Complaint filed December 23, 1981)

| Month: | Days Available for Trial: |
|---|---|
| December, 1981 | 8 |
| January, 1982 | 31 |
| February, 1982 | 28 |
| March, 1982 | 31 |

the charges listed at No. 141 C.A., 1982 commenced within the Rule 1100 time period as trial began 32 countable days after the complaint was filed.[7] Because we find that, based on his availability for trial, Appellant was tried within the 180–day mandate of Rule 1100, we conclude that Appellant is not entitled to have the two cases underlying this appeal dismissed.

Appellant next contends that the trial court erred in denying his motion to dismiss on the basis of a violation of his due process rights under the federal and state constitutions. This argument is predicated on what he argues was the trial court's and Commonwealth's intentional and illegal frustration of his rights under § 780–118(a) of the Con-

| | |
|---|---:|
| April, 1982 (Pre-trial motion filed 4/22/82) | 22 |
| April 22, 1982—September 7, 1982 when motion denied | 0 |
| September 7, 1982—September 10, 1982 when appellate process began | 3 |
| September 10, 1982—May 3, 1985 (Appeal period) | 0 |
| May 3, 1985 (Record remanded to trial court on 5/3/85)—July 15, 1985 (Date of commencement of trial) | 0 |
| Total days from filing of Complaint until Commencement of Trial | 123 |

7.

### 141 C.A., 1982
### (Complaint filed March 24, 1982)

| Month: | Days Available for Trial: |
|---|---:|
| March, 1982 | 7 |
| April, 1982 (Pre-trial motion filed 4/22/82) | 22 |
| April 22, 1982—September 7, 1982 when motion denied | 0 |
| September 7, 1982—September 10, 1982 when appellate process began | 3 |
| September 10, 1982—May 3, 1985 (Appeal Period) | 0 |
| May 3, 1985 (Record remanded to trial court on 5/3/85)—July 15, 1985 (Date of commencement of trial) | 0 |
| Total Days from filing of Complaint until Commencement of Trial | 32 |

trolled Substance, Drug, Device and Cosmetic Act, 35 P.S.[8] Because of this alleged violation of due process, Appellant claims he is entitled to a dismissal of the criminal charges against him. For the following reasons, we find this contention of Appellant to be totally without merit.

■ The constitutional protection upon which Appellant relies is independently based in the due process clause of the United States Constitution and the law of the land clause of the Pennsylvania Constitution. U.S. Const. Amend. XIV; Pa. Const. art. I, § 9. These provisions guarantee that a person is not to be deprived of life, liberty, or property without due process of law (14th Amendment) or unless by the law of the land (art. I, § 9). The terms "law of the land" and "due process of law" are legal equivalents. *Commonwealth v. Heck*, 341 Pa.Super. 183, 491 A.2d 212 (1985), affirmed 517 Pa. 192, 535 A.2d 575 (1987) (citation omitted).

■ Due process of law insures respect for those personal immunities so rooted in the traditions and conscience of our people as to be ranked as fundamental, or those implicit in the concept of ordered liberty. *Id.* (citation omitted). In order for Appellant to claim a violation of the due process clauses of the federal and state constitutions, which would entitle him to relief, there must be an intentional and illegal frustration by a governmental body of a fundamental constitutional right of Appellant. *U.S. ex rel. Darcy v. Handy*, 97 F.Supp. 930 (1951), *rev'd on other grounds*, 203 F.2d 407 (1953).

Our research reveals very little case law in this Commonwealth discussing § 780–118. However, in *Commonwealth v. Snyder*, 385 Pa.Super. 58, 560 A.2d 165 (1989), disposition of a criminal action under the drug dependent statute was analogized to disposition under accelerated rehabilitative disposition (ARD). The rules for ARD are a variation or

8. Appellant's argument is limited to his pre-trial motion for disposition in lieu of trial or criminal punishment.

extension of the use of probation, and acceptance in the program is not a fundamental constitutional right.

In analogizing § 780–118 to ARD, the *Snyder* Court opined that, like ARD, the drug dependent statute is aimed at nonviolent offenders in cases where treatment or rehabilitation is preferable in lieu of criminal prosecution, and that the choice to pursue a disposition under the drug dependent statute is subject to the discretion of the prosecuting attorney. *Id.*, 385 Pa.Superior Ct. at 67, 560 A.2d at 170.

Further, in *Commonwealth v. Paul*, 383 Pa.Super. 486, 557 A.2d 357 (1989), this Court concluded that while a recommendation for placement in an ARD program is solely within the province of the prosecutor, admission of an offender into the program is by grace of the trial court upon the Commonwealth's motion. Therefore, an accused has no right to demand acceptance into the program and cannot complain when he is precluded from participation. *Accord, Commonwealth v. Ayers*, 363 Pa.Super. 232, 525 A.2d 804 (1987). Likewise, by analogy, acceptance of an accused into the program of disposition in lieu of trial or criminal punishment under § 780–118 is by grace of the trial court on the Commonwealth's motion. Accordingly, we find that there was no violation of Appellant's due process rights under the federal and state constitutions as disposition under § 780–118 is not a fundamental constitutional right.

Before reaching the questions which Appellant raises concerning his sentence, we must first address his arguments that 42 Pa.C.S.A. § 9781 is violative of the Pennsylvania Constitution.[9] Appellant contends that § 9781, as interpreted in *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987) "limit[s] appellate jurisdiction in cases where the issue is a review of the discretionary aspects of sentence." (Appellant's brief at 29.) This, he maintains, is in direct conflict with art. V, § 9, of the Pennsylvania

---

**9.** The Commonwealth does not brief this issue; instead, it simply argues that "the record does not raise a substantial question as to [the] propriety [of the sentences.]" (Commonwealth's brief at 9.)

Constitution. We acknowledge that Appellant's argument echoes the concerns of our distinguished colleague, Judge Del Sole. *See, Commonwealth v. Barnes,* 388 Pa.Super. 327, 565 A.2d 777 (1989) (*en banc*) (Del Sole, J. concurring); *Commonwealth v. Laskaris,* 385 Pa.Super. 339, 561 A.2d 16 (1989) (Del Sole, J. concurring). Nevertheless, our analysis convinces us that the statutory scheme controlling appellate review of sentences does not conflict with the provisions of our State Constitution.

 Our analysis commences by recalling that we are obliged to exercise every reasonable attempt to vindicate the constitutionality of a statute and uphold its provisions. *Commonwealth v. Trill,* 374 Pa.Super. 549, 569, 543 A.2d 1106, 1116 (1988) (citation omitted), *allocatur denied* 522 Pa. 603, 562 A.2d 826 (1989); *Commonwealth v. Jones,* 374 Pa.Super. 431, 543 A.2d 548 (1988), *appeal denied* 522 Pa. 574, 559 A.2d 35 (1989). Moreover, basic tenets of statutory construction mandate "that a strong presumption of constitutionality attaches to the acts of the General Assembly, and a heavy burden of persuasion falls on any party seeking to rebut that presumption." *Commonwealth v. Trill,* 374 Pa.Super. at 569, 543 A.2d at 1116. (Citations omitted) " 'Legislation will not be invalidated unless it clearly, palpably, and plainly violates the Constitution, and any doubts are to be resolved in favor of a finding of constitutionality.' " *Id., quoting Pennsylvania Liquor Control Board v. The Spa Athletic Club,* 506 Pa. 364, 370, 485 A.2d 732, 735 (1984). *See also, Commonwealth v. Santiago,* 376 Pa.Super. 54, 545 A.2d 316 (1988), *appeal denied* 522 Pa. 595, 562 A.2d 320 (1989).

 The Pennsylvania Constitution guarantees an individual's *right* of appeal.

There shall be a right of appeal in all cases to a court of record from a court not of record; and there shall also be a right of appeal from a court of record or from an administrative agency to a court of record or to an appellate court, the selection of such court to be provided

by law; and there shall be other such rights of appeal as may be provided by law.

art. V, § 9. As already noted, Appellant maintains that this right is restricted by 42 Pa.C.S.A. § 9781 which, in pertinent part provides: [10]

The defendant or the Commonwealth may file a petition for allowance of appeal of the discretionary aspects of a sentence for a felony or a misdemeanor to the appellate court that has initial jurisdiction for such appeals. Allowance of appeal may be granted at the discretion of the appellate court where it appears that there is a substantial question that the sentence imposed is not appropriate under this chapter.

We do not view the language of § 9781(b) as limiting, restricting, or relinquishing a convicted defendant's *right* to appeal to this Court. An appellant's access to this Court remains undisturbed. Rather, we find § 9781(b) to be a legislative enactment establishing a threshold burden which an appellant, who is appealing from the discretionary aspects of sentence, must first satisfy before we will consider the merits of the appeal. This *de minimis* threshold burden does not defeat this Court's jurisdiction to entertain such appeals. Rather, it places a procedural mechanism whereby we are able to determine whether the questions posed are of sufficient import to warrant further review. In adopting § 9781(b), the Legislature has clearly acknowledged the deep-rooted tradition that trial courts are given wide latitude in fashioning sentences, and, yet, it has balanced that discretion with a review process recognizing that such discretion is not completely unfettered.

[T]he statutory scheme recognizes the uniqueness of the exercise of discretion that is encompassed in the sentencing decision. Section 9781(b) provides the defendant or the Commonwealth with only a limited appeal in an attack upon the discretionary aspects of a legal sentence to [this

**10.** Appellant argues only that § 9781 conflicts with art. V, § 9. Without greater specificity, we can only assume that the gravamen of Appellant's argument at this point is the language contained in 42 Pa.C.S.A. § 9781(b), **Allowance of Appeal.**

appellate court]. [footnote omitted] Thus the statutory law reflects the long standing case law, recognizing that the trial court's prerogative in sentencing should not be unduly fettered. *Commonwealth v. Green*, 494 Pa. 406, 431 A.2d 918 (1981); *Commonwealth v. Sutley*, 474 Pa. 256, 378 A.2d 780 (1977); *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977).

*Commonwealth v. Jones*, 523 Pa. 138, 142–43, 565 A.2d 732, 734 (1989).

■ Appellant also argues the procedural prerequisites imposed on an appellant by 42 Pa.C.S.A. § 9781 conflict with art. V, § 10(c) of our State Constitution and infringe upon the Supreme Court's rule-making authority. Appellant cites to Pa.R.A.P. 2116(b), requiring "any questions to the discretionary aspects of the sentence imposed ..." to be included in an appellant's "Statement of Questions Involved on Appeal", as an example of such a conflict. He maintains that the Supreme Court has specifically provided for appeals from the discretionary aspects of sentence in promulgating Rule 2116(b), but such appeals have been unduly restricted by the Legislature's adoption of § 9781.

The pertinent part of art. V, § 10(c) of the Pennsylvania Constitution provides:

The Supreme Court shall have the power to prescribe general rules governing practice, procedure and the conduct of all courts, ... *if such rules are consistent with this Constitution and neither abridge, enlarge nor modify the substantive rights of any litigant, nor affect the right of the General Assembly to determine the jurisdiction of any court....*

(Emphasis supplied)

It is clear from the language quoted above that the Supreme Court's rule-making authority is not absolute. The general rules promulgated by the Supreme Court may not "affect the right of the General Assembly to determine the jurisdiction of any court." Thus, we find there is no conflict between 42 Pa.C.S.A. § 9781, wherein the General Assembly determined this court's jurisdiction to hear ap-

peals from the discretionary aspects of sentence, and the Supreme Court's rule-making authority. The rules fashioned by the Supreme Court simply cannot constitutionally supercede the legislatively determined jurisdiction of this Court.

██ In his third and final constitutional challenge to § 9781, Appellant argues that subsection (f), which "denies absolutely the right to a petition for allowance of appeal in the Supreme Court of any unsuccessful sentence challenge in the Superior Court[,]" also conflicts with art. V, § 9 of the State Constitution. (Appellant's brief at 30.) We find Appellant's argument wholly lacking in merit. As previously discussed, the Pennsylvania Constitution guarantees "a right of appeal from a court of record ... to *an* appellate court, the selection of such court to be provided by law." art. V, § 9. (Emphasis supplied) In providing that "[t]he Superior Court shall have exclusive appellate jurisdiction of all appeals ... except such classes of appeals as are ... within the exclusive jurisdiction of the Supreme Court or the Commonwealth Court[,]" the legislature selected this Court as the appellate court to which a convicted defendant has the right to appeal. 42 Pa.C.S.A. § 742. The Constitution requires nothing more.

For the foregoing reasons, we conclude that 42 Pa.C.S.A. § 9781 does not clearly, palpably, and plainly violate our State Constitution.

We now address Appellant's arguments relating to his sentence. In the statement of questions involved section of his brief, Appellant queries whether the sentence imposed by the trial court in this case was harsh, excessive and a gross abuse of discretion and otherwise unconstitutional under the federal and state constitutions in that:

(a) The trial court focused solely on the nature of the charges and utterly failed to consider the individual characteristics of the Appellant and that of his family situation in it fashioning an appropriate sentence;

(b) The sentence is cruel and unusual punishment and disproportional to the nature and seriousness of the offenses, and also disproportional to the sentence of the co-defendant;

(c) The trial court failed to adequately and properly consider the statutory and social factors which favor a sentence of probation;

(d) The sentence imposed violates the spirit of the legislatively imposed sentencing guidelines in that it is grossly out of line with the then-applicable sentencing guidelines for the type of offense for which sentenced;

(e) The trial court failed to state sufficient reasons justifying a sentence of total incarceration of this duration;

(f) The trial court failed to determine Appellant's ability to pay fines and costs especially since he will be incarcerated for a lengthy period of time; and

(g) The trial court made statements regarding Appellant's rehabilitation and drug activities which are totally unsupported by the record and which, in fact, were contrary to the record in this case; and further, held him responsible for nebulous and unspecified drug sales for which he was not charged or convicted.

(Appellant's brief at pp. 8–9.)

As Appellant only makes a bald assertion that the sentence imposed is "otherwise unconstitutional under the federal and state constitutions", and because he does not assail the legality of his sentence by claiming that it exceeds the statutory limits, we view his argument as a challenge to the discretionary aspects of his sentence. Therefore, an appeal in this case is not taken as of right, and Appellant's appeal concerning the sentence imposed must be considered as a petition for permission to appeal. *Commonwealth v. Williams*, 386 Pa.Super. 322, 562 A.2d 1385 (1989). Appellant has complied with Pa.R.A.P. 2119(f) and *Commonwealth v. Tuladziecki, supra*, 513 Pa. at 511–12, 522 A.2d

at 19, by including in his brief a separate statement of the reasons relied upon for such an appeal.

We must therefore consider whether Appellant has demonstrated, as he must if we are to grant his petition for permission to appeal, that there exists "a substantial question that the sentence imposed is not appropriate" under the Sentencing Code. *Commonwealth v. Williams, supra, citing* 42 Pa.C.S. § 9781(b). "It is only where a party can articulate reasons why a particular sentence raises doubts that [the sentencing] scheme as a whole has been compromised that the appellate court should review the manner in which the trial court exercised its discretion." *Id., quoting Commonwealth v. Tuladziecki, supra,* 513 Pa. at 515, 522 A.2d at 20. Whether a substantial question exists is evaluated on a case-by-case basis, but generally, a substantial question is present " 'where an appellant advances a colorable argument that the trial judge's actions were 1) inconsistent with a specific provision of the Sentencing Code; or 2) contrary to the fundamental norms which underlie the sentencing process.' " *Commonwealth v. Thomas,* 387 Pa. Super. 191, 194, 563 A.2d 1249, 1250 (1989), quoting *Commonwealth v. Losch,* 369 Pa.Super. 192, 201 n. 7, 535 A.2d 115, 119 n. 7 (1987).

Therefore, where Appellant's Rule 2119(f) statement "contains no factual averments which suggest that the sentencing scheme as a whole has been compromised, but instead merely paraphrases appellant's argument as to why the sentencing court abused its discretion in imposing the allegedly excessive sentence, the petition for permission to appeal must be denied." *Commonwealth v. Williams, supra* 386 Pa.Super. at 328, 562 A.2d at 1389.

Prior to determining whether Appellant's 2119(f) statement demonstrates a substantial question concerning the appropriateness of his sentence, we note that a cursory comparison of this statement with the statement of questions involved reveals fatal flaws. Appellant's 2119(f) statement, entitled "Notice Regarding Discretionary Aspects of

Sentence Pursuant to 42 Pa.C.S.A. § 9781", reads as follows:

Here, the lower court ignored five years of infraction free behavior from the appellant, and myriad factors which suggested that Mr. Chilcote had become a productive member of society and had, in fact, earned a sentence of probation. Included among those myriad factors were that Mr. Chilcote was married and raising a family, had found a very well paying job much to his liking, and most importantly of all, there did not appear to be any indication of his resuming his previous illegal activity related to controlled substances.

Also, over fifty people in letters and as witnesses offered favorable comments on behalf of Mr. Chilcote to the court, and it is without doubt that a co-defendant in this matter received a time served and probationary sentence whereas Mr. Chilcote received seven to twenty years.

In fashioning the sentence it did, the lower court focused solely and exclusively on the nature of the offenses involved, and worse yet, even ascribed unspecified and debulous [sic] drug activity to Mr. Chilcote.

Lastly, the sentence was way beyond the sentencing guidelines applicable at the time even though the case was not controlled by the sentencing guidelines themselves.

All of these factors combined to strongly support the claim that this sentence was extremely harsh and excessive and an abuse of the sentencing discretion vested in our trial courts.

As is readily apparent, Appellant has omitted from his 2119(f) statement several of the allegations presented in his statement of questions involved concerning his sentence. *See supra* at 437–438. These omitted allegations include contentions that the trial court failed to consider the individual characteristics of Appellant when fashioning the sentence; that the sentence is cruel and unusual punishment, and disproportional to the nature and seriousness of the

offenses; that the sentence imposed violates the spirit of the sentencing guidelines; that sufficient justification for the length of sentence imposed was not stated; and that the sentencing court failed to determine Appellant's ability to pay fines and costs.

■ With reference to required Rule 2119(f) statements, we observe that the *en banc* panel of this Court which decided *Commonwealth v. Williams, supra,* noted that our Supreme Court has held that "if the brief of the appellant in an appeal from the discretionary aspects of a sentence does not include a Rule 2119(f) statement, [the Superior Court] may quash the appeal, even though the opposing party has raised no objection to the absence of the statement, 'if review may be significantly hampered by the lack of the concise statement.'" Id. 386 Pa.Super. at 327, 562 A.2d at 1388, quoting *Commonwealth v. Gambal,* 522 Pa. 280, 284, 561 A.2d 710, 713 (1989). The *Williams* Court also noted that the decision in *Commonwealth v. Gambal, supra,* was not dispositive of the case before it since, in *Williams,* the requisite (but fatally flawed) Rule 2119(f) statement had been provided, but opined that the decision in *Commonwealth v. Gambal* "serves to illustrate the importance to the reviewing court of the statement of reasons relied upon for allowance of appeal". *Id.* 386 Pa.Super. at 327, 562 at A.2d 1388. We further note that the *Gambal* Court also opined that " '[b]y having access to the concise statement required under Pa.R.A.P. 2119(f), the reviewing court may be aided in its determination of whether a substantial question exists, *without having to make a post hoc determination after reviewing the entire brief.'* " *Commonwealth v. Gambal, supra* 522 Pa. at 285–86, 561 A.2d at 713, quoting *Commonwealth v. Tuladziecki,* 513 Pa. at 513, 522 A.2d at 19 (emphasis supplied). In light of the foregoing discussion, we exercise our discretion by declining Appellant's invitation to inspect his entire brief to determine whether substantial questions exist concerning the discretionary aspects of his sentence, and therefore quash that

portion of the appeal concerning allegations not contained in Appellant's Rule 2119(f) statement.[11]

Our review of Appellant's Rule 2119(f) statement leads to the conclusion that a substantial question for our review exists concerning the sentence of a co-defendant. Appellant claims that the co-defendant's sentence was extremely lenient (time served and probation) while he received seven to twenty years incarceration.[12] The same conclusion is reached concerning the contention that the sentencing court focused solely and exclusively on the nature of the offenses involved, and ascribed unspecified and nebulous drug activity to Appellant when sentencing him.

Additionally, Appellant insists that the sentencing court ignored factors which support the fact that he had indeed earned only a sentence of probation. A similar factual scenario was recently presented to this Court *en banc* in *Commonwealth v. Williams, supra,* wherein the appellant petitioned for permission to appeal the discretionary aspects of her sentence. In her 2119(f) statement, the appellant argued that the sentencing court failed to consider her serious medical condition and the fact that she had maintained steady employment prior to her arrest despite her heart ailment. She contended that the trial court failed to consider the hardship created by imposing a prison sentence and that this sentence was imposed despite the fact that

**11.** Parenthetically, we note that if all the allegations contained in the statement of questions involved on appeal had been included in Appellant's 2119(f) statement, we would be compelled to conclude that they do not present substantial questions regarding the appropriateness of his sentence. The reasons cited by Appellant as justifying allowance of appeal, which were omitted from his 2119(f) statement, are "boilerplate" allegations lacking any specific, articulable reasons why his sentence raises doubts that the sentencing scheme as a whole has been compromised. Appellant would have this Court substitute its judgment for that of the sentencing court regarding the appropriate sentence. We are without authority to do so. *Commonwealth v. Williams,* 386 Pa.Super. 322, 562 A.2d 1385 (1989).

**12.** We believe this issue raises the possibility that a co-defendant of Appellant received a much lesser sentence and that the sentencing judge's rationale for the difference in sentencing was not made part of the record as required by *Commonwealth v. Sinwell,* 311 Pa.Super. 419, 457 A.2d 957 (1983).

testimony was presented by outstanding members of the community who verified the fact that the appellant was making a sincere effort to change her lifestyle. This Court responded that although the appellant asserts that the sentencing court "failed to consider" various factors, her statement made it clear that the court was, in fact, provided with adequate information on which to base its sentencing decision. We concluded that "[i]t would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand." (citation omitted) *Id.* 386 Pa.Super. at 326, 562 A.2d at 1388. Finding that the appellant failed to present a substantial question with respect to the appropriateness of her sentence, we denied her petition for permission to appeal.

Appellant in the case *sub judice* indicates the sentencing court was aware of the "myriad factors" which support a sentence of probation and of the fact that over fifty people made favorable statements on his behalf. Thus, from his Rule 2119(f) statement itself, it is clear that the trial court had ample information for its consideration in imposing sentence, applied it to the case at bar, and imposed a sentence which it deemed appropriate.

We will therefore review the two substantial questions raised by Appellant in his Rule 2119(f) statement: whether the trial court sentenced Appellant's co-defendant to a more lenient sentence without setting forth its rationale for the difference in the sentencing, and, as Appellant stated in his brief, whether "in fashioning the sentence it did, the lower court focused solely on the nature of the offenses involved, and worse yet, even ascribed unspecified and debulous [sic] drug activity to Mr. Chilcote." (Appellant's brief at 14.)

Appellant raises the issue of his sentence being disproportional to that meted out to a co-defendant. However, we find that Appellant fails to make the distinction between a co-defendant and a co-actor. *See, Commonwealth v. Todaro,* 524 Pa. 64, n. 1, 569 A.2d 333, n. 1 (1990). While there is information in the record that anoth-

er individual assisted the undercover State Police Officer in his purchase of controlled substances from Appellant, the record also clearly indicates that there was no co-defendant tried with Appellant. Moreover, the record before us is completely devoid of any information concerning Appellant's co-actor other than his bald assertion that this person received a time-served and probationary sentence. We are not advised, for example, as to what charges were filed against this individual or when the co-actor was tried or convicted. As this assertion involves matters *dehors* the record, we cannot, and will not, consider the issue.

Appellant's second contention is that the sentencing court focused solely and exclusively on the nature of the offenses involved when fashioning its sentence. Our careful review of the transcripts of the two sentencing hearings contradicts Appellant's contention. Indeed, we note that the sentencing court addressed, in addition to the seriousness of the nature and circumstances of Appellant's offenses, Appellant's personal characteristics. The sentencing court further indicated that it was familiar with the contents of the presentencing report prepared in connection with Appellant and that it was also familiar with the reports prepared by Drs. Wawrose and Sadoff concerning Appellant. Overall, we find that the court fully explained the sentence imposed and carefully considered the background, character, attitude and crimes of Appellant in imposing its sentence.

Appellant's final assertion concerning the discretionary aspects of his sentence is that the sentencing court held him responsible for nebulous and unspecified drug sales for which he was not charged or convicted. This claim is belied by the transcript of the sentencing proceedings. Contrary to Appellant's assertions, the trial court merely reiterated statements made by Appellant during the compilation of his presentence report and in the course of his interviews with Drs. Wawrose and Sadoff. (N.T., 3/6/87, at 27–29.)

Our review of the sentencing proceedings leads to the conclusion that Appellant's arguments do not warrant relief.

Appellant lastly argues that the trial court erred in refusing to grant a motion for recusal based on participation of the trial judge in plea negotiations in contravention of Pa.R.Crim.P. 319(b)(1). Appellant concedes that any claim of unfairness during the trial is waived, but that the trial court sitting at the sentencing hearing creates the appearance of bias and impropriety which the canons of judicial ethics seek to avoid. (Appellant's brief at 27–28.) Appellant's requested relief is that another judge preside at resentencing. As previously discussed, we find nothing inappropriate with Appellant's sentence, thereby making it unnecessary for us to consider this contention further.

The judgment of sentence is affirmed; the appeal is quashed in part.

POPOVICH, J., files concurring opinion.

POPOVICH, Judge, concurring.

I write separately to note my disagreement with the majority's conclusion that "42 Pa.C.S.A. § 9781 does not clearly, palpably, and plainly violate our State Constitution." (Opinion at 440) Rather, I am convinced that § 9781 violates the absolute right of a defendant to appeal his sentence pursuant to the Pennsylvania Constitution, Article 5, § 9 which provides:

> There shall be a right of appeal in all cases to a court of record from a court not of record; and there shall also be a right of appeal from a court of record or from an administrative agency to a court of record or to an appellate court, the selection of such court to be as provided by law; and there shall be such other rights of appeal as may be provided by law.

My opinion leads me to agree with my distinguished colleague, Judge Joseph Del Sole, who, in his concurring

opinion in *Commonwealth v. Barnes,* 388 Pa.Super. 327, 333, 565 A.2d 777, 781 (1989), also concluded, "... 42 Pa.C.S.A. § 9781(b) violates Article 5, Section 9 of the Pennsylvania Constitution." I adopt his analysis of the constitutional issue as set forth in *Barnes,* 565 A.2d at 780–781. See also *Commonwealth v. Laskaris,* 385 Pa.Super. 339, 561 A.2d 16 (1989) (concurring opinion by Del Sole, J.).

I am further convinced that compliance with the requirements of *Commonwealth v. Tuladziecki,* 513 Pa. 508, 522 A.2d 17 (1987) wastes valuable judicial resources by adding an additional tier to our analysis of a defendant's attack on the discretionary aspects of his sentence.[1]

We should simply address appellant's sentencing issues. I have reviewed appellant's attack on the discretionary aspects of his sentence and have found no abuse of discretion by the sentencing court. The sentencing judge complied with the requirements of the sentencing code, the sentence is well within the statutory maximum and minimums, the court had an extensive presentence investigation at its disposal, and the court stated adequate reasons for the sentence imposed on the record. See *Commonwealth v. Devers,* 519 Pa. 88, 546 A.2d 12 (1988). Accordingly, I concur in the result reached by the majority.

---

**1.** Note, almost eight full pages of the majority's slip opinion is devoted to the determination of whether appellant presented any substantial questions concerning the propriety of his sentence and then addressing on the merits the two substantial questions raised.